UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| JIM YOUNGMAN, individually and on behalf of a class of all persons and entities similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | Case No. 6:16-cv-1478-CEM-GJK |
| A&B INSURANCE AND FINANCIAL, INC., | ) ) | |
| Defendant. | ) ) ) | |

## <u>ANSWER</u>

### Preliminary Statement

Defendant A&B Insurance and Financial, Inc. ("A&B Insurance") answers Plaintiff's Class Action Complaint as follows:

1.     A&B Insurance admits that Plaintiff purports to bring this action to enforce the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA"), states that the TCPA and the *Mims v. Arrow Fin. Servs.* case speak for themselves, and denies any remaining allegations in this paragraph.

2.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegation that Plaintiff has registered telephone numbers to the National Do Not Call Registry, and therefore denies the same. A&B Insurance denies the remaining allegations in this paragraph.

3.      A&B Insurance admits only that Plaintiff seeks to bring a nationwide class action under the TCPA, and denies that Plaintiff received illegal calls from or on behalf of A&B Insurance. A&B Insurance denies any remaining allegations in this paragraph.

4.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

**Parties**

5.      A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

6.      A&B Insurance admits that it is a Florida corporation, and denies the remaining allegations in this paragraph.

**Jurisdiction & Venue**

7.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance lacks knowledge and information sufficient to form a belief about the truth of the allegations in this paragraph, and therefore denies the same.

8.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance admits that a claim under the TCPA raises a federal question and denies any remaining allegations in this paragraph.

4832-3906-5401.2

9.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance admits that venue is proper and denies any remaining allegations in this paragraph.

**TCPA Background**

10.      A&B Insurance states that the Telephone Consumer Protect Action ("TCPA") speaks for itself, and that the allegations this paragraph set forth legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph to the extent they are unsupported by, and/or inconsistent with, or are Plaintiff's interpretation of, the text of the referenced statutes.

11.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance states that 47 C.F.R. § 64.1200(c)(2) speaks for itself, and A&B Insurance denies the allegations in this paragraph to the extent they are unsupported by, and/or inconsistent with, or are Plaintiff's interpretation of, the text of the referenced regulation.

12.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance states that the statute and regulation speak for themselves, and A&B Insurance denies the allegations in this paragraph to the extent they are unsupported by, and/or inconsistent with, or are Plaintiff's interpretation of, the text of the referenced statute and regulation.

13.      The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance states that 47 U.S.C. § 227(c)(5) speaks for itself, and A&B Insurance denies the allegations in this paragraph to the

extent they are unsupported by, and/or inconsistent with, or are Plaintiff's interpretation of, the text of the referenced statute.

14.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance states that 47 C.F.R. § 64.1200(c)(2)(ii) speaks for itself, and A&B Insurance denies the allegations in this paragraph to the extent they are unsupported by, and/or inconsistent with, or are Plaintiff's interpretation of, the text of the referenced regulation.

**Factual Allegations**

15.     Admitted.

16.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

17.     Admitted.

18.     Admitted.

19.     A&B Insurance denies the allegations in this paragraph.

20.     A&B Insurance denies that "Florida Blue" is a d/b/a of A&B Insurance.  A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the remaining allegations contained in this paragraph, and therefore denies the same.

21.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

22.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

23.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

24.     A&B Insurance admits that it has received complaints alleging that an individual who purported to be on a do not call list was contacted on behalf of A&B, and denies any remaining allegations in this paragraph.

25.     A&B Insurance denies the allegations in this paragraph.

26.     A&B Insurance denies the allegations in this paragraph.

27.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

**Class Action Allegations**

28.     A&B Insurance admits only that Plaintiff attempts to bring a nationwide class action that purports to satisfy the requirements of Fed. R. Civ. P. 23. However, A&B Insurance denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.  Except as expressly admitted, A&B Insurance denies the remaining allegations in this paragraph.

29.     A&B Insurance admits only that Plaintiff proposes to represent the class of persons defined in this paragraph, but denies that Plaintiff is entitled to any of the requested

4832-3906-5401.2

relief, and denies that this case can be brought as a class action.  Except as expressly admitted, A&B Insurance denies the remaining allegations in this paragraph.

30.     A&B Insurance admits only that Plaintiff proposes to exclude from the proposed class the persons referenced in paragraph 30, but denies that Plaintiff is entitled to any of the requested relief, and denies that this case can be brought as a class action.  Except as expressly admitted, A&B Insurance denies the remaining allegations in this paragraph.

31.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

32.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

33.     A&B Insurance denies the allegations in this paragraph.

34.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

35.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

36.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

4832-3906-5401.2

37.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

38.     The allegations in this paragraph state legal conclusions to which no response is required.  To the extent a response is required, A&B Insurance denies the allegations in this paragraph.

39.     A&B Insurance lacks knowledge or information sufficient to form a belief about the truth or falsity of the allegations contained in this paragraph, and therefore denies the same.

## Legal Claims

## Count One: Violation of the TCPA's Do Not Call Provisions

40.     A&B Insurance incorporates its responses to all preceding paragraphs as its answer to this paragraph of the Complaint.

41.     A&B Insurance denies the allegations in this paragraph.

42.     A&B Insurance denies the allegations in this paragraph.

43.     A&B Insurance admits that Plaintiff seeks injunctive relief, but denies that he is entitled to such relief, and denies any other allegations in this paragraph.

## DEFENSES

Without admitting any of the allegations in the Complaint, A&B Insurance asserts and alleges the following defenses.  By alleging the defenses below, A&B Insurance does not in any way agree or concede that the Plaintiff has properly stated any cause of action in its

Complaint, or that A&B Insurance has the burden of proof or persuasion with respect to any of its defenses.

## FIRST DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Plaintiff and/or others alleged to be members of the purported class lack standing to bring or maintain the claims asserted in the Complaint.

## THIRD DEFENSE

Plaintiff's claims and/or the claims of others alleged to be members of the purported class are barred, in whole or in part, by the applicable statutes of limitations to the extent any of the allegations exceed four years from the date of filing the Complaint.

## FOURTH DEFENSE

Plaintiff's claim and/or the claims of others alleged to be members of the purported class are barred under the doctrines of waiver, estoppel, laches or release, or are otherwise time barred.

## FIFTH DEFENSE

Plaintiff's claim and/or the claims of others alleged to be members of the purported class are barred by the doctrine of ratification.

## SIXTH DEFENSE

To the extent Plaintiff and/or others alleged to be members of the purported class suffered damage, such damages were caused solely by Plaintiff's acts or the acts of third parties over whom A&B Insurance lacked authority or control to prevent the conduct in question.

4832-3906-5401.2

**SEVENTH DEFENSE**

Plaintiff cannot maintain this action as a class action because Plaintiff cannot satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure.

**EIGHTH DEFENSE**

Plaintiff's claims and/or the claims of other alleged to be members of the purported class are barred, in whole or in part, because they provided express consent to receive any calls made by A&B Insurance or an affiliated third party.

**NINTH DEFENSE**

A&B Insurance had an established business relationship with Plaintiff and/or the other alleged members of the purported class, precluding Plaintiff's claim as a matter of law.

**TENTH DEFENSE**

Plaintiff's and/or putative class members' claims are barred in whole or in part as they lack an adequate Article III injury.

**ELEVENTH DEFENSE**

Plaintiff's and/or putative class members' claims are barred in whole or in part by the primary jurisdiction doctrine.

**TWELFTH DEFENSE**

Plaintiff's and/or putative class members' claims are barred in whole or in part because they failed to mitigate their damages, if any.

**THIRTEENTH DEFENSE**

Plaintiff's and/or putative class members' claims are barred in whole or in part as A&B Insurance substantially complied with the TCPA and/or any related regulations.

## FOURTEENTH DEFENSE

Plaintiff's and/or putative class members' claims are barred in whole or in part because the TCPA violates the First Amendment to the U.S. Constitution as an overly broad prohibition against free speech on its face and as applied.

## FIFTEENTH DEFENSE

Plaintiff's and/or putative class members' claims are barred in whole or in part by the doctrines of equitable estoppel and/or unclean hands. A&B Insurance reasonably relied, in good faith, on Plaintiff's and/or putative class members' prior statements and/or conduct indicating its consent to receive the alleged calls of which Plaintiff now complains. Plaintiff anticipated A&B Insurance's and/or putative class members' reasonable reliance on these statements and/or conduct. Plaintiff's and/or putative class members' denial of those statements and/or conduct would be to A&B Insurance's detriment.

## SIXTEENTH DEFENSE

Plaintiff's and/or putative class members' claims are barred in whole or in part because the FCC's regulations regarding the enforcement of the TCPA are invalid. The regulations are arbitrary and capricious, unsupported by the record, and/or exceed the FCC's statutory authority.

## SEVENTEENTH DEFENSE

Plaintiff's claims and/or the claims of other alleged to be members of the purported class are barred because the alleged acts or omissions giving rise to Plaintiff's claims, if any, were unintentional, and were not willful; the alleged acts or omissions were the result of an innocent mistake and/or bona fide error notwithstanding reasonable procedures adopted and

4832-3906-5401.2

implemented by A&B Insurance to avoid any such acts or omissions.  A&B Insurance at all times acted in a reasonable manner in connection with the allegations in the Complaint.

**EIGHTEENTH DEFENSE**

A&B Insurance denies that it acted with any willfulness toward Plaintiff or other members of the purported class, and denies that it knowingly, negligently, or recklessly violated their rights.

**NINETEENTH DEFENSE**

To the extent that Plaintiff's Complaint seeks statutory penalties of any kind, such claims are punitive and violate A&B Insurance's due process rights of the Fifth and Fourteenth Amendments to the U.S. Constitution, and/or the prohibition against "excessive fines" of the Eighth Amendment, and therefore fails to state a claim upon which statutory penalties may be awarded.

A&B Insurance serves notice that it intends to rely upon and assert all defenses that may become known or available in the course of further investigation, discovery, or litigation in this action, and hereby reserves the right to amend this Answer and these affirmative defenses to assert any and all such defenses.

WHEREFORE, A&B Insurance requests that this Court enter judgment in its favor and against Plaintiff as follows:

A.      Dismissing Plaintiff's Complaint in its entirety and with prejudice;

B.      Awarding A&B Insurance its costs, disbursements, and expenses, including attorneys' fees, as may be provided by law; and

11

C.      Granting such other and further relief as is just and equitable.


Dated:  October 3rd, 2016                    Respectfully submitted,

                                             _s/ Thomas S. Cargill_____
                                             Michael D. Leffel
                                             (admitted *pro hac vice*)
                                             Foley & Lardner LLP
                                             150 East Gilman Street
                                             Madison, WI  53703
                                             608.258.4216
                                             608.258-4258 (facsimile)
                                             mleffel@foley.com

                                             Thomas S. Cargill
                                             Florida Bar No. 0061430
                                             Foley & Lardner LLP
                                             111 North Orange Avenue, Suite 1800
                                             Orlando, FL 32801-2386
                                             407.423.7656
                                             407.648.1743 (facsimile)
                                             tcargill@foley.com

                                             *Attorneys for Defendant A&B Insurance And*
                                             *Financial, Inc.*

12

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that on October 3, 2016 I, electronically filed the foregoing

ANSWER with the Clerk of Court by using the CM/ECF system which will send a notice of

electronic filing to the following:

> Tim Howard
> Howard & Associates, P.A.
> 2120 Killarney Way, Suite 125
> Tallahassee, FL  32309
> tim@howardjustice.com
>
> Edward A. Broderick
> Anthony Paronich
> Broderick & Paronich, P.C.
> 99 High St., Suite 304
> Boston, MA  02110
> ted@broderick-law.com
> anthony@broderick-law.com
>
> Matthew P. McCue
> The Law Office of Matthew P. McDue
> 1 South Avenue, Suite 3
> Natick, MA  01760
> mmccue@massattorneys.net

 s/ Thomas S. Cargill
Thomas S. Cargill
Florida Bar No. 0061430

1