**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

| | |
|---|---|
| JIM YOUNGMAN, individually and on behalf of a class of all persons and entities similarly situated,<br><br>Plaintiff<br><br>vs.<br><br>A&B INSURANCE AND FINANCIAL, INC.<br><br>Defendant | Case No. 6:16-cv-01478-CEM-GJK<br><br>CLASS ACTION COMPLAINT |

## CASE MANAGEMENT REPORT

Plaintiff Jim Youngman ("Mr. Youngman" or "Plaintiff") and Defendant A&B Insurance and Financial, Inc. ("A&B" or "Defendant," and collectively, the "Parties") propose the below dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and M.D. Fla. R. 3.05(c).

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)** | November 18, 2016 |
| **Certificate of Interested Persons and Corporate Disclosure Statement** | Previously Filed |
| **Motions to Add Parties or to Amend Pleadings** | January 9, 2017 |
| **Disclosure of Plaintiff's Expert Reports** | June 30, 2017 |
| **Disclosure of Defendant's Expert Reports** | July 28, 2017 |
| **Deadline to Depose Experts** | September 29, 2017 |

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| **Discovery Deadline** | November 17, 2017 |
| **Plaintiff's Deadline to Move for Class Certification** | June 2, 2017 |
| **Dispositive Motions,** *Daubert,* **and** *Markman* **Motions** | January 5, 2018 or one hundred and twenty (120) days before trial begins |
| **Meeting** *In Person* **to Prepare Joint Final Pretrial Statement** | Five (5) weeks before Pretrial Conference. |
| **Joint Final Pretrial Statement (***Including* **a Single Set of Jointly-Proposed Jury Instructions and Verdict Form [a Word or WordPerfect version may be e-mailed to the Chambers mailbox] Voir Dire Questions, Witness Lists, Exhibit Lists with Objections on Approved Form)** | Three (3) weeks before Pretrial Conference. |
| **All Other Motions Including Motions** *In Limine***, Trial Briefs** | Three (3) weeks before Pretrial Conference. |
| **Final Pretrial Conference** | Three (3) weeks before Trial. |
| **Trial Term Begins** | Ninety (90) days following the Court's entry of an order on the Parties' respective dispositive motions, if any, or Plaintiff's Motion for Class Certification, whichever order is issued latest in time. |
| **Estimated Length of Trial** | Plaintiff anticipates that a jury trial will take 3-5 days. |
| **Jury / Non-Jury** | Jury |
| **Mediation** <br> Deadline: <br><br> Mediator: <br> Address: | October 27, 2017 <br><br> Private Mediation; Mediators to be further discussed and determined by the Parties. |

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| Telephone: | |
| **All Parties Consent to Proceed Before Magistrate Judge** | No |

**I.      Meeting of Parties in Person**

On October 18, 2016, the Parties filed an Agreed Motion for Leave to Appear Telephonically at the Parties' Case Management Conference (Dkt. 27.) While awaiting a ruling on that motion, the Parties—through their counsel—met and conferred telephonically in order to prepare their Case Management Report. Such telephonic conference was held by:

| **Name** | **Counsel for (if applicable)** |
|---|---|
| Anthony Paronich | Plaintiff |
| Michael Leffel | Defendant |

Additionally, the Parties exchanged multiple emails in preparation for the filing of this Report.

**II.     Preliminary Pretrial Conference**

**Track Two cases**:   The Parties  ____ request  _X_  do not request a Preliminary Pretrial Conference before entry of a Case Management and Scheduling Order in this Track Two case.

**III.    Pre-Discovery Initial Disclosures of Core Information**

**Fed. R. Civ. P. 26(a)(1)(C) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the court (the amendment(s) to Rule 26 supersede(s) M.D. Fla. Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

Plaintiff and Defendant A&B  __ **exchanged**  **X**  **agree to exchange** information described in Fed. R. Civ. P. 26(a)(1)(C) - (D) by November 18, 2016.

**IV.   Agreed Discovery Plan for Plaintiffs and Defendants**

**A.   Certificate of Interested Persons and Corporate Disclosure Statement**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form.  No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement.  Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:  **X** Yes ___No

**B.   Discovery Not Filed**

The Parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests electronically. See M.D. Fla. R. 3.03 (e). The Parties further agree as follows:

The Parties have conferred about discovery, and specifically the fact that they are not to file discovery materials with the Clerk except as provided in Local Rule 3.03. The Parties have not reached any further agreements on this issue at this time.

**C.   Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A). Absent leave of Court, the Parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R .Civ. P. 33(a). The Parties may agree by stipulation on other limits on discovery. The Court will consider the Parties agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ .P. 29. In addition to the deadlines in the above table, the Parties have agreed to further limit discovery as follows:

1.   Depositions: 10 depositions per side

2.   Interrogatories: 25 interrogatories per side

4823-3982-8795.2

4

      3.      Document Requests: <u>No limitation</u>

      4.      Requests to Admit: <u>No limitation</u>

      5.      Supplementation of Discovery: <u>The Parties have agreed that they will supplement all disclosures and responses to written discovery requests in accordance with the timing requirements of the Federal Rules of Civil Procedure and the Local Civil Rules of the United States District Court for the Middle District of Florida.</u>

### D. Discovery Deadline

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the Parties agree as follows:

<u>The Parties have not reached any additional agreement as to discovery deadlines at this time. The Parties agree to confer about any additional matters pertaining to discovery deadlines should it be necessary.</u>

### E. Disclosure of Expert Testimony

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony:

<u>The Parties have not reached any additional agreement for the disclosure of expert testimony. The Parties agree to confer about any additional matters pertaining to the disclosure of expert testimony should it be necessary.</u>

### F. Confidentiality Agreements

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized

4823-3982-8795.2

5

need.   See Brown v. Advantage Engineering, Inc., 960 F.2d 1013 (11th Cir. 1992); Wilson v. American Motors Corp., 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. (See M.D. Fla. R. 1.09). The motion, whether granted or denied, will remain in the public record.

The Parties may reach their own agreement regarding the designation of materials as Aconfidential. There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. See M.D. Fla. R. 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the Parties agree as follows:

The Parties will work together on a protective order approved by the Court that sets requirements related to, *inter alia*, the production of confidential or trade secret information and the inadvertent disclosure of privileged documents or information.

### G.     Electronically Stored Information and Claims of Privilege

Pursuant to Fed. R. Civ. P. 16, the Parties have made the following agreements regarding the disclosure and discovery of electronically stored information as well as the assertion of claims of privilege or protection of trial preparation materials after production:

The Parties have initially conferred and agreed to further discuss: (1) the identification of relevant and discoverable ESI; (2) the scope of discoverable ESI to be preserved and produced by the Parties; (3) the formats for preservation and production of ESI; (4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; (5) the procedures for handling inadvertent production of privileged information and other privilege waiver issues under Rule 502 of the Federal Rules of Evidence; and, (6) any other relevant ESI issues involved in this case. The Parties will attempt to craft an appropriate stipulation governing the production of ESI for the Court's approval.

### H.   Other Matters Regarding Discovery

None at this time.

### V.     Settlement and Alternative Dispute Resolution

4823-3982-8795.2

6

**A.     Settlement**

The Parties agree that settlement is: \_\_\_\_ **likely** __**X**__ **unlikely** (check one) at this time. The Parties agree to inform the Court of any prospective settlement, or to apply for an order invoking mediation by June 16, 2017.

The Parties request a settlement conference before a United States Magistrate Judge.

\_\_\_\_ **yes**     __**X**__ **no**     \_\_\_ **likely to request in future**

**B.     Arbitration**

Local Rule 8.02(a) defines those civil cases that will be referred to arbitration automatically.   Does this case fall within the scope of Local Rule 8.02(a)?

\_\_\_\_ **yes**     __**X**__ **no**

For cases **not** falling within the scope of Local Rule 8.02(a), the parties consent to arbitration pursuant to Local Rules 8.02(a)(3) and 8.05(b):

\_\_\_\_ **yes**     __**X**__ **no**     \_\_\_\_ **likely to request in future**

_____ **Binding**          _____**Non-Binding**

In any civil case subject to arbitration, the Court may substitute mediation for arbitration upon a determination that the case is susceptible to resolution through mediation. Local Rule 8.02(b). The Parties agree that this case is susceptible to resolution through mediation, and therefore jointly request mediation in place of arbitration:

\_\_\_\_ **yes**     __**X**__ **no**     \_\_\_\_ **likely to agree in future**

**C.     Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court-annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation.   The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

The Parties are agreeable to discussing the potential for mediation in the future. However, Plaintiff Youngman and Defendant A&B believe it is premature to select a mediator or schedule mediation at this time.

**D.     Other Alternative Dispute Resolution**

4823-3982-8795.2

The Parties intend to pursue the following other methods of alternative dispute resolution:

<u>The Parties' preference is to participate in private mediation as they believe that the case is more likely to resolve with a third-party neutral that the Parties have voluntarily selected</u>.

Date:   <u>October 31, 2016</u>

                Plaintiff,
                Jim Youngman

                <u>*/s/ Anthony Paronich*</u>
                Anthony Paronich (admitted *pro hac vice*)
                Broderick & Paronich, P.C.
                99 High St., Suite 304
                Boston, MA   02110
                (508) 221-1510
                anthony@broderick-law.com

                Tim Howard, J.D., Ph.D.
                Florida Bar No.: 655325
                HOWARD & ASSOCIATES, P.A.
                2120 Killarney Way, Suite 125
                Tallahassee, FL 32309
                Telephone: (850) 298-4455 Fax: (850) 216-2537 tim@howardjustice.com

                *Attorneys for Defendant A&B Insurance and Financial, Inc.*

                  s/ *Michael D. Leffel*
                Michael D. Leffel    (admitted *pro hac vice*)
                Foley & Lardner LLP
                150 East Gilman Street
                Madison, WI   53703
                608.258.4216
                608.258.4258 (facsimile)
                mleffel@foley.com

                Thomas S. Cargill
                Florida Bar No. 0061430
                Foley & Lardner LLP
                111 North Orange Avenue, Suite 1800
                Orlando, FL 32801-2386
                407.423.7656
                407.648.1743 (facsimile)
                tcargill@foley.com