**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

JIM YOUNGMAN and ROBERT ALLEN, individually and on behalf of a class of all persons and entities similarly situated,

Plaintiff,

vs.

A&B INSURANCE AND FINANCIAL, INC.,

Defendant.

Case No. 6:16-cv-01478-CEM

FIRST AMENDED CLASS ACTION COMPLAINT

# FIRST AMENDED CLASS ACTION COMPLAINT

## Preliminary Statement

1. Plaintiffs Jim Youngman ("Mr. Youngman") and Robert Allen ("Mr. Allen") (jointly "Plaintiffs") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), a federal statute enacted in 1991 in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. *See Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 745 (2012).

2. In violation of the TCPA, Defendant A&B Insurance and Financial, Inc. ("Defendant" or "A&B Insurance") placed multiple telemarketing calls to telephone numbers registered on the National Do Not Call Registry and made prerecorded calls placed via an Automatic Telephone Dialing System to cellular telephones, all in violation of the TCPA.

3. Because telemarketing campaigns result in calls to hundreds of thousands or even millions of potential customers *en masse*, the Plaintiff brings this action on behalf of a proposed

nationwide class of other persons who received illegal telemarketing calls from or on behalf of A&B Insurance.

4. A class action is the best means of obtaining redress for the Defendant's wide scale illegal telemarketing, and is consistent both with the private right of action afforded by the TCPA and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

**Parties**

5. Plaintiffs are individuals who are residents of this District.

6. Defendant A&B Insurance and Financial, Inc. is a Florida corporation that has its principal place of business in St. Petersburg, FL.

**Jurisdiction & Venue**

7. This Court has subject matter jurisdiction pursuant to the Class Action Fairness Act of 2005 ("hereinafter referred to as CAFA"), codified as 28 U.S.C. § 1332(d)(2). The matter in controversy exceeds $5,000,000, in the aggregate, exclusive of interest and costs, as each member of the proposed Class of at least tens of thousands is entitled to up to $1,500.00 in statutory damages for each call that has violated the TCPA. Further, Plaintiffs allege a national class, which will result in at least one Class member from a different state.

8. The Court has federal question subject matter jurisdiction over these TCPA claims. *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012).

9. Venue is proper under 28 U.S.C. § 1391(b)(1) and (2) because a substantial part of the events or omissions giving rise to the claim occurred in this District, as the telemarketing calls to the Plaintiff occurred in this District, and a number of putative class members reside in this District. Furthermore, venue is proper because a substantial part of property that is the subject of the action is situated in this District, including the telephone that was called.

## TCPA Background

10. In 1991, Congress enacted the TCPA to regulate the explosive growth of the telemarketing industry. In so doing, Congress recognized that "[u]nrestricted telemarketing . . . can be an intrusive invasion of privacy [.]" Telephone Consumer Protection Act of 1991, Pub. L. No. 102-243, § 2(5) (1991) (codified at 47 U.S.C. § 227).

### *The TCPA prohibits telemarketing calls to numbers listed on the Do Not Call Registry, unless the caller has the recipient's signed, written consent*

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2). A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id*.

12. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c)(2).

13. A person whose number is on the Registry, and who has received more than one telephone call within any twelve-month period by or on behalf of the same entity in violation of the TCPA, can sue the violator and seek statutory damages. 47 U.S.C. § 227(c)(5).

14. The regulations exempt from liability a caller who has obtained the subscriber's signed, written agreement to receive telephone solicitations from the caller. 47 C.F.R. § 64.1200(c)(2)(ii). That agreement must also include the telephone number to which the calls may be placed. *Id.*

***The TCPA prohibits prerecorded telemarketing calls to cellular telephone number as well as calls placed via an Automatic Telephone Dialing System unless the caller has the recipient's signed, written consent***

15. The TCPA prohibits persons from making calls using an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, unless the telemarketer has the recipient's prior express consent. 47 U.S.C. § 227(b)(1)(A); 47 C.F.R. § 64.1200(a)(1)(iii).

16. Unlike many federal statutes, Congress embedded the reasons for the TCPA into the statute itself with explicit Congressional Findings. 105 Stat. 2394, §§ 10, 12, 14 (notes following 47 U.S.C. § 227).

17. Mims explicitly cited these Congressional Findings in noting that "'automated or prerecorded telephone calls' . . . were rightly regarded by recipients as 'an invasion of privacy.'" *Id.* (citing 105 Stat. 2394). Accordingly, Congress found that:

> ***Banning such automated or prerecorded telephone calls*** to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, ***is the only effective means of protecting telephone consumers*** from this nuisance and privacy invasion.

*Id.* at § 14 (emphasis added).

18. Indeed, as the United States Supreme Court recently held in a different context, "Modern cell phones are not just another technological convenience. With all they contain and all they may reveal, they hold for many Americans 'the privacies of life.'" *Riley v. California*, __ U.S. __, 134 S.Ct. 2473, 2494-95, 189 L.Ed.2d 430 (2014).

19. For prerecorded telemarketing calls made to cell and landlines after October 16, 2013, the telemarketer must show prior express consent through a signed writing (a) bearing the signature of the person providing consent; (b) that specifies the telephone number to which the person consenting is called; (c) clearly authorizes the company to call the person using an auto dialer or

prerecorded message for telemarketing purposes; and (d) providing consent is not a condition of purchasing goods or services. *See in the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 27 FCC Rccd. 1830, 1844 ¶33 (2012).

## Factual Allegations

### *A&B Insurance places telemarketing calls to Mr. Youngman and Mr. Allen*

20. Mr. Youngman has previously placed his telephone number, (321) 634-XXXX on the National Do Not Call Registry, where it has been since June of 2003, shortly after the creation of the Registry.

21. A&B Insurance provides health insurance services for sale in the consumer marketplace.

22. A&B Insurance uses telemarketing to attempt and obtain new clients.

23. On January 18 and 20, 2016 and on other dates and times thereafter, Mr. Youngman received telephone calls from telemarketing representatives calling from A&B Insurance.

24. The caller informed Mr. Youngman at the beginning of each call that he was calling from "Florida Blue", which is a d/b/a of A&B Insurance and they and informed him that they were calling to offer their goods and services.

25. The calls came from the following telephone number: (813) 210-8119.

26. Mr. Youngman never consented in any fashion to these telephone calls, and has had no business relationship with this entity.

27. All of the calls were unwanted telemarketing solicitations.

28. The Defendant has received a number of complaints related to calling individuals who were on state or federal Do Not Call registries.

29. Mr. Youngman has not provided Defendant with his personal information or telephone number prior the telephone calls.

30. During one of the calls, the Defendant requested that Mr. Youngman provide them with his social security number.

31. Mr. Youngman was harmed by these calls because they were unwelcome intrusions on his privacy that occupied his telephone line from legitimate communications.

32. Mr. Allen received a prerecorded telephone call placed via an ATDS as that term is defined in 47 U.S.C. § 227(a)(1) on his cellular telephone promoting the goods and services of A&B Insurance in December of 2015.

33. Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Section 227(b), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did.

34. The FCC has long explained that its "rules generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397, ¶ 13 (1995).

35. In 2008, the FCC reiterated that "a company on whose behalf a telephone solicitation is made bears the responsibility for any violations." *See* Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

36. In May of 2013, the FCC reinforced this issue. *See In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, --- FCC Rcd. --- (F.C.C. May 9, 2013) (hereinafter "2013 FCC Ruling Order") (clarifying that "a seller … may be vicariously liable under

federal common law agency-related principles for violations of either section 227(b) or 227(c) committed by telemarketers that initiate calls to market its products or services.")

**Class Action Allegations**

37. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of a class of all other persons or entities similarly situated throughout the United States.

38. The class of persons Plaintiffs propose to represent is tentatively defined as:

> All persons within the United States whom Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to phone numbers registered on the Do Not Call Registry for at least 31 days; or (b) any telephone calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice between August 18, 2012 through April 26, 2017, as reflected in the records produced by the third party call centers. These individuals are identified in the February 21st, 2017 expert report of Anya Verkhovskaya.

39. Excluded from the Class are the Defendant, and any entities in which the Defendant have a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family.

40. The class as defined above is identifiable through phone records and phone number databases.

41. The potential class is so numerous that individual joinder of these persons is impracticable.

42. Plaintiff is a member of the class.

43. There are questions of law and fact common to Plaintiff and to the proposed class, including but not limited to the following:

a. Whether A&B Insurance violated the TCPA by engaging in advertising by unsolicited telemarketing calls;

b. Whether A&B Insurance has any defense(s) to engaging in a telemarketing campaign to individuals on the National Do Not Call Registry;

c. Whether the Plaintiff and class are entitled to statutory damages as a result of A&B Insurance' actions.

44. Plaintiff's claims are typical of the claims of class members.

45. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the class, he will fairly and adequately protect the interests of the class, and he is represented by counsel skilled and experienced in class actions, including TCPA class actions.

46. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

47. The likelihood that individual members of the class will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

48. Plaintiff is not aware of any litigation concerning this controversy already commenced by others who meet the criteria for class membership described above.

## Legal Claims

### Count One:
### Violation of the TCPA's Provisions

49. Plaintiff incorporate the allegations from all previous paragraphs as if fully set forth herein.

50. The Defendant violated the TCPA by (a) initiating telephone solicitations to persons and entities whose telephone numbers were listed on the Do Not Call Registry, or (b) by the fact that they made calls with an ATDS. *See* 47 U.S.C. § 227.

51. The Defendant's violations were negligent and/or knowing.

Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting the Defendant's violation of the TCPA in the future.

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against the Defendants:

A. Injunctive relief prohibiting such violations of the TCPA by the Defendant in the future;

B. As a result of the Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member treble damages, as provided by statute, of up to $1,500 for each and every call that violated the TCPA;

C. As a result of Defendant's statutory violations of 47 U.S.C. § 227(b)(1), Plaintiffs seek for themselves and each Class member $500 in statutory damages for each and every call that violated the TCPA;

D. As a result of Defendant's violations of 47 C.F.R. § 64.1200(c), Plaintiff Youngman seeks for himself and the other Class members whose telephone numbers were called at least twice within any 12-month period despite being registered with the National Do Not Call Registry, up to $500 in statutory damages for each and every call that violated such regulations, or—where such regulations were willfully or knowingly violated—up to $1,500 for each and every call in violation;

E. An award of attorneys' fees and costs to counsel for Plaintiffs and the Class;

F. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Classes the Court deems appropriate, finding that Plaintiffs are a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class;

G. Such other relief as the Court deems just and proper.

**Jury Demand**

Plaintiff demands trial by jury.

Dated: May 4, 2017

Respectfully submitted,

*/s/ Anthony I. Paronich*
Anthony I. Paronich
Edward A. Broderick
Broderick & Paronich, P.C.
99 High St., Suite 304
Boston, MA 02110
(508) 221-1510
ted@broderick-law.com
anthony@broderick-law.com
*Admitted Pro Hac Vice*

Tim Howard, J.D., Ph.D.
Florida Bar No.: 655325
tim@howardjustice.com
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way, Suite 125
Tallahassee, FL 32309
Telephone: (850) 298-4455
Fax: (850) 216-2537

Matthew P. McCue
Law Office of Matthew P. McCue
1 South Avenue, Suite 3
Natick, MA 01760
508-655-1415
508-319-3077 (fax)
mmccue@massattorneys.net
*Admitted Pro Hac Vice*

**<u>Certificate of Service</u>**

I certify that on May 4, 2017, I caused the foregoing document to be filed with the court via the ECF filing system which will affect service upon all counsel of record in this action.

*<u>/s/ Anthony I. Paronich</u>*
Anthony I. Paronich