# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA

| | |
|---|---|
| JIM YOUNGMAN and ROBERT ALLEN individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>   v.<br><br>A&B INSURANCE AND FINANCIAL, INC.<br><br>          Defendant. | No. 6:16-cv-01478-CEM |

## CLASS ACTION SETTLEMENT AGREEMENT

This class action settlement agreement ("Agreement" or "Settlement Agreement") is entered into as of May 26, 2017, by and among Jim Youngman and Robert Allen ("Plaintiffs"), individually and on behalf of all others similarly situated and A&B Insurance and Financial, LLC.[1] ("A&B Insurance") (Plaintiffs and A&B Insurance are collectively referred to as the "Parties"). This Settlement Agreement is intended by the Parties to fully, finally, and forever resolve, discharge, and settle the Released Claims (defined below), upon and subject to the terms and conditions of the Agreement, and subject to the final approval of the Court.

## RECITALS

A.    On August 18, 2016, Plaintiffs filed a putative class action complaint against A&B Insurance, in the United States District Court for the Middle District of Florida, Civil Action No. 6:16-cv-01478 (the "Action"), alleging that A&B Insurance made telemarketing calls

---

[1] A&B Insurance & Financial, LLC, was formerly known as A&B Insurance & Financial, Inc.

to telephone numbers in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA").

B.      On April 26, 2017, the Parties participated in a half-day mediation with Peter Grilli of Grilli Mediation in Tampa, FL. The Parties reached an agreement on the material terms of a class settlement.

C.      A&B Insurance at all times has denied and continues to deny any wrongdoing whatsoever and has denied and continues to deny that it violated the TCPA, or committed any other wrongful act or violation of law.

D.      Plaintiffs believe that the claims asserted in the Action have merit. Nonetheless, Plaintiffs and their counsel recognize and acknowledge the expense, time, and risk associated with continued prosecution of the Action against A&B Insurance. Therefore, Plaintiffs and their counsel believe that it is desirable that the Released Claims be fully and finally compromised, settled, dismissed with prejudice, barred pursuant to the terms set forth herein, and that it is in the best interests of the Settlement Class to settle the Released Claims pursuant to the terms and provisions of this Agreement.

E.      The Parties agree that the Action was resolved in good faith, following arm's-length bargaining process presided over by the mediator.

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among the Parties, by and through their undersigned respective counsel, subject to final approval by the Court after a hearing or hearings as provided for in this Settlement Agreement, and in consideration of the benefits flowing from the Settlement Agreement set forth herein, that the Action and the Released Claims shall be finally and fully compromised, settled, released, and the

Action shall be dismissed with prejudice, upon and subject to the terms and conditions of this Agreement.

## AGREEMENT

**1.    DEFINITIONS**

As used in this Settlement Agreement, the following terms have the meanings specified below:

1.1    **"A&B Insurance Counsel"** means:

> Michael Leffel
> FOLEY& LARDNER, LLP
> 150 E Gilman St.
> Madison, Wisconsin 53703
>
> Thomas Cargill
> FOLEY & LARDNER, LLP
> 111 N Orange Ave, Ste 1800
> Orlando, FL 32801

1.2    **"Class Counsel"** means:

> Edward Broderick
> Anthony Paronich
> BRODERICK & PARONICH, P.C.
> 99 High St., Suite 304
> Boston, Massachusetts 02110
>
> Matthew P. McCue
> THE LAW OFFICE OF MATTHEW P. MCCUE
> 1 South Avenue, Suite 3
> Natick, Massachusetts 01760
>
> Timothy Howard
> Howard & Associates, P.A.
> 2120 Killarney Way #125
> Tallahassee, Florida 32309

1.3    **"Class Representatives"** means Robert Allen and Jim Youngman.

1.4 **"Court"** means the United States District Court for the Middle District of Florida.

1.5 **"Fee Award"** means the amount of attorneys' fees and reimbursement of expenses awarded by the Court to Class Counsel.

1.6 **"Effective Date"** means one (1) business day following the later of the following events: (i) the date upon which the time expires for filing or noticing any appeal of the Court's Final Approval Order and Judgment; or (ii) if there is an appeal or appeals, other than an appeal or appeals solely with respect to the Fee Award, the date of final dismissal or completion – in a manner that finally affirms and leaves in place the Final Approval Order and Judgment.

1.7 **"Final Approval Hearing"** means the hearing before the Court where the Parties will request that the Court enter the Final Approval Order and Judgment, approve the Settlement Agreement, and approve the Fee Award and the incentive award to the Class Representatives.

1.8 **"Final Approval Order and Judgment"** means a document substantially in the form of Exhibit 1 or in such form as may be ordered by the Court, to be entered by the Court following the Final Approval Hearing.

1.9 **"Mediator"** means Peter Grilli of Grilli Mediation in Tampa, FL.

1.10 **"Notice"** means the long-form notice of this Settlement Agreement and Final Approval Hearing, which is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 2 hereto, or in such form as may be ordered by the Court.

1.11 **"Notice Plan"** means the plan, as set forth in Paragraph 4.2 and as executed and administered by the Settlement Administrator, for disseminating notice to members of the Settlement Class of the Settlement Agreement and of the Final Approval Hearing.

1.12    **"Claim Form"** means the short-form notice and claim form that is to be provided to the Settlement Class in accordance with this Agreement and substantially in the form of Exhibit 3 hereto or in such form as may be ordered by the Court.

1.13    **"Objection/Exclusion Deadline"** means the date by which (1) a written objection to this Settlement Agreement, or (2) a request for exclusion, must be postmarked, which shall be no later than eighty-one (81) calendar days after entry of the Preliminary Approval Order, or such other date as may be ordered by the Court, which deadline shall be posted to the Settlement Website listed in Paragraph 4.2(b).

1.14    **"Preliminary Approval Order"** means the document substantially in the form of Exhibit 4 or such other order as may be entered by the Court for purposes of preliminarily approving the Settlement Agreement, certifying the Settlement Class solely for settlement purposes, and approving the form of the Notice and the Notice Plan.

1.15    **"Released Claims"** For the Plaintiffs and each Settlement Class Member it means:  Plaintiffs and each member of the Settlement Class identified on the Class List and not opting out, and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, employees (each solely in their respective individual capacity as such) (**"Releasing Parties"**), do hereby release and forever discharge A&B Insurance and all of its affiliates, past, current and future, parents, predecessors, successors, subsidiaries, and all of their respective officers, directors, partners, members, principals, employees, agents, vendors, attorneys, servants, and assigns (**"Released Parties"**) of and from all claims, demands, causes of actions, suits, damages, and fees arising out of or relating to the placing of telemarketing calls made on behalf of, or promoting, A&B Insurance or goods or services provided by A&B Insurance, arising under state

and federal telemarketing laws from August 18, 2012 through April 26, 2017. Each Releasing

Party waives California Civil Section 1542 and similar provisions in other states.  Each

Releasing Party hereby certifies that he, she, or it is aware of and has read and reviewed the

following provision of California Civil Code Section 1542 ("Section 1542"):

> A general release does not extend to claims which the creditor does not know or
> suspect to exist in his or her favor at the time of executing the release, which if
> known by him or her must have materially affected his or her settlement with the
> debtor.

The provisions of the release set forth above shall apply according to their terms, regardless of

the provisions of Section 1542 or any equivalent, similar, or comparable present or future law or

principle of law of any jurisdiction. Each Releasing Party waives any and all defenses, rights,

and benefits that may be derived from the provisions of applicable law in any jurisdiction that,

absent such waiver, may limit the extent or effect of the release contained in this Agreement.

1.16   **"Settlement"** means the settlement contemplated by this Agreement.

1.17   **"Settlement Administration Expenses"** means the expenses incurred by the

Settlement Administrator in providing Notice and mailing checks to Settlement Class Members.

Settlement Administration Expenses shall be paid from the Settlement Fund.

1.18   **"Settlement Administrator"** means Kurtzman Carson Consultants LLC

("KCC").

1.19   **"Settlement Class"** means all persons within the United States whom Defendant,

through a third party call center, initiated either: (a) more than one telemarketing call within any

twelve-month period to phone numbers registered on the Do Not Call Registry for at least 31

days; or (b) any telephone calls to cellular telephone numbers using an automatic telephone

dialing system or an artificial or prerecorded voice between August 18, 2012 through April 26,

2017, as reflected in the records produced by the third party call centers. The telephone numbers

of these individuals for the relevant time period are identified in the February 21st, 2017 expert report of Anya Verkhovskaya ("**Class List**").

1.20    **"Settlement Class Member"** means any owner, subscriber, customary user or individual or entity included within the definition of the Settlement Class and who has not submitted a valid request for exclusion.

1.21    **"Settlement Class Recovery"** means the amount of the Settlement Fund available for distribution to the Settlement Class Member claimants, after payment of Settlement Administration Expenses, the Fee Award to Class Counsel, and any approved incentive award to the Class Representatives.

1.22    **"Settlement Fund"** means the Four Million and Two Hundred and Fifty Thousand Dollars ($4,250,000) that A&B Insurance has agreed to pay pursuant to the terms of this Settlement Agreement.

1.23    **"Settlement Website**" means the website to be created by the Settlement Administrator containing full details and information about the Settlement, including this Agreement and the Notice.

2.    **SETTLEMENT RELIEF**

2.1    **Settlement Fund.** A&B Insurance agrees to provide a Settlement Fund in the amount of Four Million and Two Hundred and Fifty Thousand Dollars ($4,250,000) for the purpose of making payments with respect to all Settlement Class Members under this Agreement, all Settlement Administration Expenses, any incentive award to the Class Representatives, and any Fee Award to Class Counsel. A&B Insurance will fund the Settlement Fund within fourteen (14) days following entry of the Preliminary Approval Order to the Settlement Administrator (via wire instructions provided by the Settlement Administrator to

A&B Insurance). The Settlement Administrator will hold those amounts in escrow until such time as the Settlement Administrator is authorized in writing by A&B Insurance Counsel and Class Counsel to use or pay those funds, including for any authorized up-front notice costs and other costs of administration, pursuant to the Settlement Agreement, the Preliminary Approval Order, or the Final Approval Order and Judgment or as otherwise ordered by the Court.

2.2    **Remedial Measures**. In response in part to the filing of the Action, A&B Insurance has, in addition to requiring the call center vendors it works with to scrub call lists against the relevant state and federal do not call registries, begun scrubbing call lists before sending them to a vendor. A&B Insurance also has implemented steps to identify mobile telephone numbers, and scrubs those lists as appropriate before sending them to its call center vendors. A&B Insurance also has implemented additional protocols to ensure that consent exists for calls to cellular telephone numbers, including, but not limited to, confirming consent was obtained from any clients or list vendors. Further, A&B Insurance has terminated its relationship with the call center vendors who placed the calls to those individuals on the Class List.

2.3    **Monetary Payments**

(a)    As soon as practicable but no later than sixty (60) days after the Effective Date or such other date as the Court may order, the Settlement Administrator shall pay from the Settlement Fund (after the payment of attorney's fees and expenses, costs of administration and such other expenditures as may be authorized by the Court ("Net Settlement Proceeds")) all Settlement Class Members who filed a valid claim, which shall be mailed to those Settlement Class Members via first-class mail.  Settlement Class Members shall be paid a pro rata share of the Net Settlement Proceeds.  The Settlement Administrator shall pay only one claim per

telephone number, and the Settlement Administrator shall resolve any disputes regarding multiple claims relating to the same telephone number.

(b)     All payments issued to Settlement Class Members via check will state on the face of the check that the check will expire and become null and void unless cashed within ninety (90) days after the date of issuance.

(c)     To the extent that any checks to Settlement Class Members expire and become null and void, the Settlement Administrator shall distribute the leftover funds associated with those checks to Settlement Class Members who cashed their check from the previous round of distribution on a *pro rata* basis, if doing so is administratively feasible (*i.e.*, those Settlement Class Members each would receive a check for more than $5.00, after the costs of administration). Any remaining funds, including to the extent a second distribution is not administratively feasible, shall be distributed as a *cy pres* award to such organization(s) as the Court may elect in its sole discretion. The parties propose the Florida Bar Foundation.

## 3.     RELEASES

3.1     The Parties intend that this Settlement Agreement will fully and finally dispose of the Action, which shall be dismissed with prejudice, along with any and all Released Claims against the Released Parties.

3.2     Upon the Effective Date, the Releasing Parties, and each of them, shall be deemed to have, and by operation of the Final Approval Order and Judgment to have, fully, finally, and forever released, relinquished, and discharged all Released Claims against the Released Parties, and each of them.

4.      **NOTICE TO THE CLASS**

4.1     Upon entry of the Preliminary Approval Order, the Settlement Administrator shall cause the Notice to be disseminated to putative Settlement Class Members. Such Notice shall comport with Rule 23 of the Federal Rules of Civil Procedure, and be effectuated pursuant to the Notice Plan, the costs of which shall be deemed part of the Settlement Administration Expenses, and which shall be paid from the Settlement Fund.

4.2     The Notice Plan, which was developed in consultation with the Settlement Administrator, includes:

(a)     *Direct Notice.* Subject to the approval of the Court, within 21 days after entry of the Preliminary Approval Order, the Settlement Administrator shall send direct notice to the names and addresses associated with the telephone numbers in the Settlement Class, substantially in the form provided in Exhibit 3 or such other form as may be ordered by the Court, via the U.S. Postal Service.

(b)     *Settlement Website.* Within 21 days after entry of the Preliminary Approval Order, Notice shall also be provided on a website, which shall be administered by the Settlement Administrator and shall include the ability to file Claim Forms online. The Notice on the Settlement Website shall be substantially in the form of Exhibit 2 hereto, or in such form as may be ordered by the Court.

4.3     Any member of the Settlement Class who intends to object to this Agreement must send to the Court a written statement that includes: his or her full name; address; telephone number or numbers that he or she maintains were called; all grounds in detail for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final

Approval Hearing; a statement of the identity (including name, address, phone number and email) of any lawyer who was consulted or assisted with respect to any objection, and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any member of the Settlement Class who fails to timely file a written objection in accordance with the terms of this paragraph and as detailed in the Notice, and at the same time provide a copy of the filed objection to the Settlement Administrator, shall not be permitted to object to this Agreement at the Final Approval Hearing, and shall be foreclosed from seeking any review of this Agreement by appeal or other means and shall be deemed to have waived his or her objections and be forever barred from making any such objections in the Action or any other action or proceeding. To be timely, the objection must be filed and sent to the Settlement Administrator on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice.

4.4    Any member of the Settlement Class may request to be excluded from the Settlement Class by sending a written request for exclusion to the Settlement Administrator postmarked on or before the Objection/Exclusion Deadline approved by the Court and specified in the Notice. In order to exercise the right to be excluded, a member of the Settlement Class must timely send a written request for exclusion to the Settlement Administrator providing his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. A request to be excluded that does not include all of the foregoing information, or that is sent to an address other than that designated in the Notice, or that is not postmarked within the time specified, shall be invalid, and any Person serving such a request

shall be a Settlement Class Member and shall be bound as a Settlement Class Member by the Agreement, if approved. Any member of the Settlement Class who elects to be excluded shall not: (i) be bound by the Final Approval Order and Judgment; (ii) be entitled to relief under this Settlement Agreement; (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement. So-called "mass" or "class" opt-outs shall not be allowed.

5.      **SETTLEMENT ADMINISTRATION**

5.1      The Settlement Administrator shall, under the supervision of the Court, administer the relief provided by this Settlement Agreement by completing its duties in a rational, reasonable, responsive, cost effective, and timely manner. The Settlement Administrator shall maintain reasonably detailed records of its activities under this Agreement. The Settlement Administrator shall maintain all such records as are required by applicable law in accordance with its normal business practices, including but not limited to a summary of work performed by the Settlement Administrator, including an accounting of all amounts paid from the Settlement Fund to Settlement Class Members. Such records will be provided to Class Counsel and A&B Insurance Counsel and to the Court along with the petition for final approval. Without limiting the foregoing, the Settlement Administrator shall receive objections and exclusion forms and in such event shall promptly provide to Class Counsel and A&B Insurance Counsel copies thereof.

5.2      In the exercise of its duties outlined in this Agreement, the Settlement Administrator shall have the right to reasonably request additional information from the Parties or any Settlement Class Member.

5.3    The Settlement Administrator, with approval by the Parties, shall be responsible for compliance with the applicable provisions of the Class Action Fairness Act ("CAFA"), including the notice requirements in 28 U.S.C. § 1715.

## 6.    PRELIMINARY APPROVAL ORDER AND FINAL APPROVAL ORDER AND JUDGMENT.

6.1    Promptly following execution of this Agreement, Class Counsel shall submit this Agreement together with its Exhibits to the Court and shall move the Court for entry of the Preliminary Approval Order, which shall, among other things, preliminarily approve this Settlement Agreement (subject to the Final Approval Hearing), certify the Settlement Class for settlement purposes only, appoint Plaintiffs' counsel as Class Counsel and Plaintiffs as the Class Representatives, shall set a Final Approval Hearing date, which shall be scheduled no earlier than one hundred and ten  (110) days after entry of the Preliminary Approval Order, or such other time as the Court shall set, and approve the Notice for dissemination in accordance with the Notice Plan. Such Preliminary Approval Order shall also authorize the Parties, without further approval from the Court, to agree to and adopt such amendments, modifications and expansions of the Settlement Agreement and its implementing documents (including all exhibits to this Agreement) so long as they are consistent in all material respects with the terms of the Final Approval Order and Judgment.

6.2    Class Counsel shall submit to the Court the Final Approval Order and Judgment which shall (among other things):

(a)    find that the Court has personal jurisdiction over all Settlement Class Members and that the Court has subject matter jurisdiction to approve the Agreement, including all exhibits hereto;

(b)      grant final approval of the Settlement Agreement and likewise approve the proposed Settlement as fair, reasonable and adequate as to, and in the best interests of Settlement Class Members; direct the Parties and their counsel to implement the Agreement according to its terms and provisions; and declare the Agreement to be binding on, and have preclusive effect on, all pending and future lawsuits or other proceedings maintained by or on behalf of Plaintiffs and the Releasing Parties;

(c)      find that the Notice and the Notice Plan implemented pursuant to the Agreement (1) constitute the best practicable notice under the circumstances; (2) constitute notice that is reasonably calculated to apprise members of the Settlement Class of the pendency of the Action, their right to object to or exclude themselves from the proposed Settlement, and to appear at the Final Approval Hearing; (3) are reasonable and constitute due, adequate, and sufficient notice to all entities and individuals entitled to receive notice; and (4) meet all applicable requirements of the Federal Rules of Civil Procedure, the Due Process Clause of the United States Constitution, and the rules of the Court;

(d)      find that the Class Representatives and Class Counsel adequately represented the Settlement Class for purposes of entering into and implementing the Agreement;

(e)      dismiss the Action (including, without limitation, all individual claims, Settlement Class Member claims and Released Claims asserted therein against the Released Parties) on the merits and with prejudice, without fees or costs to any Party except as provided in the Settlement Agreement;

(f)      approve and incorporate the releases set forth herein, make those releases effective as of the date of entry of the Final Approval Order and Judgment, and forever discharge the Released Parties from the Released Claims as set forth herein; and

(g)     without affecting the finality of the Final Approval Order and Judgment for purposes of appeal, retain jurisdiction as to all matters relating to administration, consummation, enforcement, and interpretation of the Settlement Agreement and the Final Approval Order and Judgment, and for any other necessary purpose; and

(h)     incorporate any other provisions, as the Court deems necessary and just.

## 7.     CLASS COUNSEL'S FEE AWARD; INCENTIVE AWARD.

7.1     Subject to the Court's approval, A&B Insurance has agreed that the Settlement Fund can be used to pay the Fee Award to Class Counsel. Class Counsel shall apply, subject to the approval of the Court, for a fee award of up to one-third of the Common Fund plus out-of-pocket costs incurred by Class Counsel in this litigation. Nothing in this Agreement requires A&B Insurance or its counsel to take any position with respect to this paragraph.

7.2     In recognition of their efforts on behalf of the Settlement Class, the Class Representatives shall be awarded an incentive award in the amount to be determined and approved by the Court in its sole discretion. Class Counsel intends to request that the Class Representatives be awarded ten thousand dollars ($10,000.00) each.

## 8.     CONDITIONS OF SETTLEMENT, EFFECT OF DISAPPROVAL, CANCELLATION OR TERMINATION.

8.1     The Effective Date of this Settlement Agreement shall not occur unless and until each of the following events has occurred and shall be the date upon which the last (in time) of the following events occurs:

(a)     This Agreement has been signed by Plaintiffs, A&B Insurance, Class Counsel, and A&B Insurance Counsel;

(b)     The Court has entered the Preliminary Approval Order;

(c)     The Court has entered a Final Approval Order and Judgment, following Notice to the Settlement Class and a Final Approval Hearing.

8.2     If this Agreement is terminated or fails to become Effective, the Parties shall be restored to their respective positions in the Action as of the date of the signing of this Agreement. In such event, any Final Approval Order and Judgment or other order entered by the Court in accordance with the terms of this Agreement shall be treated as vacated, *nunc pro tunc*, and the Parties shall be returned to the *status quo ante* with respect to the Action as if this Agreement were never signed.

## 9.     MISCELLANEOUS PROVISIONS

9.1     The Parties (a) acknowledge that it is their intent to consummate this Settlement Agreement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Agreement and to exercise reasonable efforts to accomplish the foregoing terms and conditions of this Agreement. Class Counsel and A&B Insurance agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Settlement Agreement, and the Final Approval Order and Judgment, and to agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Agreement.

9.2     The Parties intend this Settlement Agreement to be a final and complete resolution of all disputes between them with respect to the Released Claims by Plaintiffs and the Settlement Class, and each or any of them, on the one hand, against the Released Parties, and each or any of the Released Parties, on the other hand.

9.3     The Parties have relied upon the advice and representation of their respective counsel concerning their respective legal liability for the claims hereby released.  The Parties

have read and understand fully the above and foregoing Agreement and have been fully advised as to the legal effect thereof by counsel of their own selection and intend to be legally bound by the same.

9.4     The Settlement and this Agreement represent a negotiated compromise, and regardless whether the Effective Date occurs or the Settlement Agreement is terminated, neither this Agreement nor the Settlement, nor any act performed or document executed pursuant to or in furtherance of this Agreement or the Settlement:

(a)     is, may be deemed, or shall be used, offered or received against the Released Parties, or each or any of them, as an admission, concession, or evidence of the validity of any Released Claims, the truth of any fact alleged by the Class Representatives, the deficiency of any defense that has been or could have been asserted in the Action, the violation of any law or statute, the reasonableness of either the Settlement Fund or the Fee Award, or of any alleged wrongdoing, liability, negligence, or fault of the Released Parties, or any of them;

(b)     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that the consideration to be given hereunder represents an amount equal to, less than or greater than that amount that could have or would have been recovered after trial; and

(c)     is, may be deemed, or shall be construed against Plaintiffs and the Settlement Class, or each or any of them, or against the Released Parties, or each or any of them, as an admission, concession, or evidence that any of Plaintiffs' or the Settlement Class's claims are with or without merit or that damages recoverable in the Action would have exceeded or would have been less than any particular amount.

9.5     Unless the context of this Agreement requires otherwise, the plural includes the singular, the singular includes the plural, and "including" has the inclusive meaning of "including without limitation." The words "hereof", "herein", "hereby", "hereunder", and other similar terms of this Agreement refer to this Agreement as a whole and not exclusively to any particular provision of this Agreement.  All pronouns and any variations thereof will be deemed to refer to masculine, feminine, or neuter, singular, or plural, as the identity of the person or persons may require.

9.6     The waiver by one Party of any breach of this Agreement by any other Party shall not be deemed as a waiver of any other prior or subsequent breaches of this Agreement.

9.7     Except as otherwise provided herein, each Party shall bear its own costs and attorneys' fees.

9.8     Each counsel or other Party executing this Settlement Agreement, any of its Exhibits, or any related settlement documents on behalf of any Party hereto hereby warrants and represents that such Party has the full authority to do so and has the authority to take appropriate action required or permitted to be taken pursuant to the Agreement to effectuate its terms.

9.9     This Agreement may be executed by the Parties in one or more counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument. Facsimile signatures or scanned and e-mailed signatures shall be treated as original signatures and shall be binding.

9.10    This Settlement Agreement shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties hereto and the Released Parties.

9.11    This Agreement is deemed to have been prepared by counsel for all Parties, as a result of arms' length negotiations among the Parties with the aid of a neutral mediator. Whereas

all Parties have contributed substantially and materially to the preparation of this Agreement, it shall not be construed more strictly against one Party than another.

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____     Date: 5-26-2017
Jim Youngman
Class Representative


_____     Date: _____
Robert Allen
Class Representative


_____     Date: 5/30/17
Anthony Paronich
BRODERICK & PARONICH, P.C.


**For A&B Insurance and Financial, LLC**


_____     Date: _____
Authorized Representative
A&B Insurance and Financial, LLC


_____
Printed Name and Title


_____     Date: _____
Michael Leffel
FOLEY& LARDNER, LLP

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____          Date: _____
Jim Youngman
Class Representative

_____          Date: __5/26/17__
Robert Allen
Class Representative

_____          Date: _____
Anthony Paronich
BRODERICK & PARONICH, P.C.

**For A&B Insurance and Financial, LLC**

_____          Date: _____
Authorized Representative
A&B Insurance and Financial, LLC

_____
Printed Name and Title

_____          Date: _____
Michael Leffel
FOLEY & LARDNER, LLP

IN WITNESS WHEREOF, the Parties hereto have caused this Settlement Agreement to be executed.

**For Plaintiffs and the Settlement Class:**

_____     Date: _____
Jim Youngman
Class Representative

_____     Date: _____
Robert Allen
Class Representative

_____     Date: _____
Anthony Paronich
BRODERICK & PARONICH, P.C.

**For A&B Insurance and Financial, LLC**

_____     Date: 5·30-17
Authorized Representative
A&B Insurance and Financial, LLC

Bryan Greenberg  President
Printed Name and Title

_____     Date: 5-31-2017
Michael Leffel
FOLEY& LARDNER, LLP

4832-3448-4552.3

# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JIM YOUNGMAN and ROBERT ALLEN individually and on behalf of all others similarly situated, | No. 6:16-cv-01478-CEM |
| *Plaintiffs,* | |
| v. | |
| A&B INSURANCE AND FINANCIAL, INC. | |
| *Defendant.* | |

## FINAL APPROVAL ORDER AND JUDGMENT

This matter having come before the Court on Plaintiffs' motion for final approval (the "Motion for Final Approval") of a proposed class action settlement (the "Settlement") of the above-captioned action (the "Action") between Jim Youngman and Robert Allen ("Plaintiffs"), individually and on behalf of the class of persons he seeks to represent (the "Settlement Class" defined below), and A&B Insurance and Financial, Inc. ("A&B Insurance") (Plaintiffs and A&B Insurance are collectively referred to as the "Parties") pursuant to the parties' Class Action Settlement Agreement (the "Agreement" or the "Settlement Agreement")[1], and having duly considered all papers filed and arguments presented, the Court hereby finds and orders as follows:

1.     This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

2.     The Court preliminarily approved the Settlement Agreement and entered the

---

[1] Unless defined herein, all defined terms in this Final Approval Order and Judgment shall have the respective meanings set forth in the Agreement.

Preliminary Approval Order dated _____, 2017, and notice was given to all members of the Settlement Class under the terms of the Preliminary Approval Order.

3.      The Court has read and considered the papers filed in support of the Motion, including the Settlement Agreement and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, Settlement Class Members, and A&B Insurance, and supporting declarations. The Court has also read and considered any written objections filed by Settlement Class Members. [Alternatively: "The Court has not received any objections from any person regarding the Settlement Agreement."] The Court held a hearing on _____, 2017, at which time the parties [and objecting Settlement Class Members] were afforded the opportunity to be heard in support of or in opposition to the Settlement Agreement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effectuated on _____, 2017, and that ninety (90) days has passed without comment or objection from any governmental entity.

4.      Based on the papers filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class. This finding is supported by, among other things, the complex legal and factual posture of the Action, the fact that the Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

5.      Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All persons within the United States whom Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any

twelve-month period to phone numbers registered on the Do Not Call Registry for at least 31 days; or (b) any telephone calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice between August 18, 2012 through April 26, 2017, as reflected in the records produced by the third party call centers. The telephone numbers of these individuals for the relevant time period are identified in the February 21st, 2017 expert report of Anya Verkhovskaya.

6. Under Federal Rule of Civil Procedure 23, Plaintiffs are hereby appointed as Class Representatives and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Timothy Howard
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way #125
Tallahassee, Florida 32309

7. For settlement purposes only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over the questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication

of the controversy. The Court further finds, for purposes of settlement only, that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Plaintiffs' counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

8.      The Court has determined that the notice given to the Settlement Class, in accordance with the Notice Plan in the Settlement Agreement and the Preliminary Approval Order, fully and accurately informed members of the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances, and fully satisfied the requirements of due process, Federal Rule of Civil Procedure 23, and all applicable law.

9.      The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

10.      All persons who made timely and valid requests for exclusion are excluded from the Settlement Class and are not bound by this Final Approval Order and Judgment.

11.      The Court orders the parties to the Settlement Agreement to perform their obligations thereunder. The Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

12.      The Court dismisses this action with prejudice and without costs (except as otherwise provided herein and in the Settlement Agreement).

13.      On and after the Effective Date, the Releasing Parties, and each of them, are

forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

14.     The Court further adjudges that upon the Effective Date, the above-described releases and the Settlement Agreement will be binding on, and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties, and each of them.

15.     Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Settlement Agreement have been performed; (b) any other action necessary to conclude the Settlement and to administer, effectuate, interpret and monitor compliance with the provisions of the Settlement Agreement; and (c) all parties to this Action and Settlement Class Members for the purpose of implementing and enforcing the Settlement Agreement.

16.     The Court approves payment of attorneys' fees to Class Counsel in the amount of $1,416,666 as well as their costs and expenses in the litigation of $ _____. These amounts shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement. The

Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the class notice specifically and clearly advised the class that Class Counsel would seek the award.

17.     The Court approves the incentive fee payment of $10,000 for each Class Representative and specifically finds such amount to be reasonable in light of the service performed by Plaintiffs for the class. This amount shall be paid from the Settlement Fund in accordance with the terms of the Settlement Agreement.

18.     Neither this Final Approval Order and Judgment nor the Settlement Agreement shall be construed or used as an admission or concession by or against either A&B Insurance or any of the Released Parties of any fault, omission, liability, wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by A&B Insurance or any of the Released Parties. The final approval of the Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or A&B Insurance.

19.     Any objections to the Settlement Agreement are overruled and denied in all respects. The Court finds that no just reason exists for delay in entering this Final Approval Order and Judgment. Accordingly, the Clerk is hereby directed forthwith to enter this Final Approval Order and Judgment.

DATED: _____, 2017        _____
                                        United States District Court

# EXHIBIT 2

UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA

*Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.*
Case No. 6:16-cv-01478-CEM

# If calls from A&B Insurance were directed to your cellular telephone OR you received any calls to a telephone number previously registered on the National Do-Not-Call Registry, you could get a payment from a class action settlement.

*A federal court authorized this Notice. This is not a solicitation from a lawyer.*

- A&B Insurance and Financial, Inc. ("A&B Insurance") has agreed to pay $4,250,000.00 into a fund from which eligible persons or entities who file claims will receive cash awards, estimated to be approximately $85.00 per claim.

- The settlement resolves a lawsuit involving allegations that third parties hired by A&B Insurance called people on or after August 18, 2012 on their cellular telephone lines using an automatic telephone dialing system, or an artificial or prerecorded voice, or calling telephone numbers previously registered on the National Do-Not-Call Registry.

- Court-appointed lawyers for the class ("Class Counsel") will ask the Court for up to $1,416,666 of the fund as fees and $42,922.86 to reimburse them for the out-of-pocket expenses they paid to investigate the facts, litigate the case, and negotiate the settlement.

- A&B Insurance denies all allegations of wrongdoing in the lawsuit. As part of the proposed settlement, A&B Insurance does not admit to any wrongdoing and continues to deny the allegations against it.

- The two sides disagree on whether Plaintiffs and the class could have won at trial.

- Your legal rights are affected, whether you act or don't act. Read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **SUBMIT A CLAIM FORM BY DATE** | This is the only way to receive a payment. |
| **EXCLUDE YOURSELF BY DATE** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against A&B Insurance about the legal claims in this case. |
| **OBJECT BY DATE** | Write to the Court explaining why you do not like the settlement. |
| **ATTEND A HEARING ON DATE** | Ask to speak in Court about the fairness of the settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

# BASIC INFORMATION

## 1. What is this Notice and why should I read it?

The purpose of this Notice is to let you know that a proposed settlement has been reached in the class action lawsuit entitled *Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.*, Case No. 6:16-cv-01478-CEM (M.D. FL.). You have legal rights and options that you may act on before the Court decides whether to approve the proposed settlement. As your rights will be affected by this settlement, it is extremely important that you read this Notice carefully. This Notice summarizes the settlement and your rights under it.

## 2. What is this lawsuit about?

In a class action, one or more people, called class representatives, sue on behalf of people who have similar claims. All of these people are a class, or class members. One court will resolve the issues for all class members, except for those who exclude themselves from the class.

Here, the class representative claims that, on or after August 18, 2012, A&B Insurance violated the Telephone Consumer Protection Act ("TCPA") by making calls to cellular telephones through the use of an automatic telephone dialing system, or an artificial or prerecorded voice, or to telephone numbers that were listed on the National Do-Not-Call Registry. The class representatives claim that A&B Insurance did not have the recipients' permission to make these calls.

The Court has certified a class for settlement purposes only (the "Settlement Class"). U.S. District Court Judge Carlos E. Mendoza (the "Court") is in charge of this class action.

4814-9108-0264.1

A&B Insurance denies that it did anything wrong, and denies that this case would be certified as a class action in litigation.

# THE SETTLEMENT

## 3. Why is there a settlement?

The Court did not decide in favor of the Plaintiffs or A&B Insurance. Instead, both sides agreed to a settlement. That way, they avoid the cost of a trial, and the people affected will get compensation. The class representatives and their attorneys think the settlement is best for the Settlement Class.

# WHO IS IN THE SETTLEMENT?

## 4. How do I know if I am a part of the settlement?

You are in the "Settlement Class" if, on or after August 18, 2012, A&B Insurance, or a third party acting on A&B Insurance's behalf:

(1)     Called you on a cellular telephone using an automatic telephone dialing system, or an artificial or prerecorded voice; or

(2)     Called you two or more times within a twelve-month period on a telephone number that was on the National Do-Not-Call Registry.

The Settlement Class also does not include any persons who validly request exclusion from the Settlement Class, as described under Question 10. A person who does not properly exclude him or herself is a "Settlement Class Member."

If you have questions about whether you are part of the Settlement Class, you may call 1-XXX-XXX-XXXX or visit www.XXX.com for more information.

# THE SETTLEMENT BENEFITS – WHAT YOU GET

## 5. What does the settlement provide?

A&B Insurance has agreed to pay $4,250,000 to be divided among all Settlement Class Members who send in a valid Claim Form after any fees, costs, service awards, and settlement administration expenses have been deducted.

In response in part to the filing of the Action, A&B Insurance has, in addition to requiring the call center vendors it works with to scrub call lists against the relevant state and federal do not call registries, begun scrubbing call lists before sending them to a vendor. A&B Insurance also has implemented steps to identify mobile telephone numbers, and scrubs those lists as appropriate before sending them to its call center vendors. A&B Insurance also has implemented additional protocols to ensure that consent exists for calls to cellular telephone numbers, including, but not limited to, confirming consent was obtained from any

clients or list vendors. Further, A&B Insurance has terminated its relationship with the call center vendors who placed the calls to those individuals on the Class List.

**6. How much will my payment be?**

Your share of the settlement will depend on the number of Claim Forms that Settlement Class Members submit. Class Counsel estimate you will receive approximately $85.00 per claim, but this is only an estimate.

# HOW YOU GET A PAYMENT – SUBMITTING A CLAIM FORM

**7. How do I make a claim?**

To qualify for payment, you must submit a Claim Form by Month XX, XXXX. There are multiple ways to submit a Claim Form. A Claim Form was mailed to potential Class Members in the form of a postcard notice. Read the instructions on the postcard carefully, fill out the form, sign it, and mail it postmarked no later than Month XX, XXXX. You may also submit a Claim Form online by going to the Settlement Website at www.XXX.com and following directions. You also may download a paper Claim Form from the Settlement Website or call the Settlement Administrator at 1-XXX-XXX-XXXX. Claim Forms sent by mail must be postmarked by Month XX, XXXX and mailed to:

A&B Insurance Settlement
Settlement Administrator
P.O. Box. XXXX
City, State Zip Code

**8. When will I get my payment?**

The Court will hold a hearing on Month XX, XXXX to decide whether to approve the settlement. If the settlement is approved, appeals may still follow. It is always uncertain whether these appeals can be resolved, and resolving them can take more than a year. Please be patient.

**9. What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you are staying in the Settlement Class and you will be a Settlement Class Member. That means you can't sue, continue to sue, or be part of any other lawsuit against A&B Insurance regarding the claims that are subject to the settlement. If the settlement is approved, becomes final, and is not subject to appeal, then you and all Class Members release all "Released Claims" against all "Released Parties." This also means that all of the Court's orders will apply to you and legally binds you.

The Settlement Agreement (available at www.XXX.com) describes the claims you are releasing (the "Released Claims") and against whom you are releasing claims ("Released Parties") in detail, so read it carefully. To summarize, the release includes state and federal telemarketing claims that arise out of the improper use of an "automatic telephone dialing system," or an artificial or prerecorded voice, to make telephone calls to cellular phones, or calling telephone numbers on the National Do-Not-Call Registry without consent by A&B Insurance or on A&B Insurance's behalf.

QUESTIONS? CALL 1-XXX-XXX-XXXX TOLL FREE OR VISIT WWW.XXX.COM

~ 4 ~

# EXCLUDING YOURSELF FROM THE SETTLEMENT

If you don't want a payment from this settlement, but you want to keep the right to sue or continue to sue A&B Insurance, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself—or is sometimes referred to as "opting out" of the Settlement Class.

## 10. How do I get out of the settlement?

To exclude yourself from the settlement, you must send a letter saying that you want to be excluded from the *Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.* settlement. You must sign the letter and include the following statement: "I request to be excluded from the settlement in the A&B Insurance action." Please be sure to include your full name, address, telephone number, and signature. You must mail your exclusion request postmarked no later than Month XX, XXXX to the following address:

A&B Insurance Settlement
Settlement Administrator
P.O. Box XXXX
City, State Zip Code

You cannot exclude yourself via phone, by fax, or email. If you ask to be excluded, you will not get any payment, and you cannot object to the settlement. You will not be legally bound by anything that happens in this lawsuit. You may be able to sue (or continue to sue) A&B Insurance in the future.

## 11. If I don't exclude myself, can I sue A&B Insurance for the same thing later?

No. Unless you exclude yourself, you give up any right to sue A&B Insurance for the claims that this settlement resolves. If you already have a lawsuit that may relate to the claims being released as part of this class settlement, you should speak to your lawyer in that case immediately. You must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is Month XX, XXXX.

## 12. If I exclude myself, can I get anything from this settlement?

No. If you exclude yourself, do not submit a Claim Form to ask for a payment.

# THE LAWYERS REPRESENTING YOU

The Court has appointed Broderick & Paronich, P.C., The Law Office of Matthew P. McCue, and Howard & Associates, P.A. to represent you and other Settlement Class Members. These lawyers are called Class Counsel. You will not be charged for these lawyers. If you want to be represented by your own lawyer, you may hire one at your own expense.

## 14. How will the lawyers be paid?

Class Counsel will ask the Court to approve payment of up to $1,416,666.67 to them for attorneys' fees and an additional $42,922.86 in expenses. This amounts to 33 1/3% of the total $4,250,000 fund. This payment

4814-9108-0264.1

would pay Class Counsel for investigating the facts, litigating the case, and negotiating the settlement. Class Counsel will also request a service award of $10,000 for each named Plaintiff to compensate them for their time and effort. The Court may award less than these amounts.

# OBJECTING TO THE SETTLEMENT

## 15. How do I object to the settlement?

If you are a Settlement Class member and you do not exclude yourself from the Settlement Class, you can object to the settlement if you do not like any part of it. You may give reasons as to why you think the Court should not approve it. The Court will consider your views. To object, you must send a letter saying that you object to *Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.* You must make your objection in writing and file it with the Court. The written objection must (a) contain information sufficient to allow the parties to confirm that you are a member of the Settlement Class; and (b) include a statement of your specific objections, as well as any documents that you would like the Court to consider. You must file the objection with the Court no later than Month XX, XXXX.

*Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.*
Case No. 6:16-cv-01478-CEM
Clerk of the Court
United States District Court for the Middle District of Florida,
401 West Central Boulevard
Orlando, FL 32801

## 16. What's the difference between objecting and excluding myself from the settlement?

Objecting simply means telling the Court that you do not like something about the settlement. You can object only if you stay in the Settlement Class. Excluding yourself from the Settlement Class is telling the Court that you do not want to be part of the Settlement Class. If you exclude yourself, you have no basis to object because the case no longer affects you.

# THE COURT'S FAIRNESS HEARING

## 17. When and where will the Court hold a hearing on the fairness of the settlement?

The Court will hold the final fairness hearing at X:00 x.m. on Month XX, XXXX, before the Honorable Judge Carlos E. Mendoza at the United States District Court for the Middle District of Florida, 401 West Central Boulevard, Orlando, FL 32801. The purpose of the hearing is for the Court to determine whether the settlement is fair, reasonable, adequate, and in the best interests of the class. At the hearing, the Court will hear any objections and arguments concerning the fairness of the proposed settlement, including those related to the amount requested by Class Counsel for attorneys' fees and expenses and the incentive award to the class representative. After the hearing, the Court will decide whether to approve the settlement. We do not know how long these decisions will take.

**Note:** The date and time of the fairness hearing are subject to change by Court Order. Any changes will be posted on the Settlement website, www.XXX.com.

## 18. Do I have to come to the hearing?

No. Class Counsel will answer any questions the Court may have. However, you are welcome to come to the hearing at your own expense. If you send an objection, you don't have to come to Court to talk about it. As long as your written objection was filed or mailed on time, and meets the other criteria described in the Settlement Agreement, the Court will consider it. You may also pay a lawyer to attend, but you do not have to.

## 19. May I speak at the hearing?

If you do not exclude yourself from the Settlement Class, you may ask the Court for permission to speak at the hearing concerning any part of the proposed Settlement Agreement. If you filed an objection (*see* Question 15, above) and intend to appear at the hearing, you must state your intention to do so in your objection. To speak, you must send a letter saying that it is your "Notice of Intention to Appear" in *Jim Youngman and Robert Allen v. A&B Insurance and Financial, Inc.*, Case No. 6:16-cv-01478-CEM. Be sure to include your full name, address, telephone number, Class Member status, and your signature. Your Notice of Intention to Appear must be received by the address in Question 15, no later than Month XX, XXXX. You cannot speak at the hearing if you exclude yourself.

# IF YOU DO NOTHING

## 20. What happens if I do nothing at all?

If you do nothing, you will not receive any money from this settlement. But, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against A&B Insurance about the legal issues released in this case.

# GETTING MORE INFORMATION

## 21. Are there more details about the settlement?

This notice summarizes the proposed settlement. More details are in the Settlement Agreement. You may review the Settlement Agreement on the Settlement Website at www.XXX.com. You can also get a copy of the Settlement Agreement by writing to Anthony Paronich, Broderick & Paronich, 99 High St., Suite 304, Boston, MA 02110, anthony@broderick-law.com.

## 22. How do I get more information?

You can call 1-XXX-XXX-XXXX toll free; write to A&B Insurance Settlement Administrator, P.O. Box XXXX, City, State Zip Code; or visit the website at www.XXX.com. This website includes answers to common questions about the settlement, a Claim Form, plus other information to help you determine whether you are a member of the Settlement Class. You also may write to Anthony Paronich, Broderick & Paronich, 99 High St., Suite 304, Boston, MA 02110, anthony@broderick-law.com.

4814-9108-0264.1

**PLEASE DO <u>NOT</u> CONTACT THE COURT, THE JUDGE, OR THE DEFENDANT WITH QUESTIONS ABOUT THE SETTLEMENT OR THE CLAIMS PROCESS.**

# EXHIBIT 3

<u>A COURT AUTHORIZED</u>
<u>THIS LEGAL NOTICE</u>

**If you received calls on your cellular telephone or more than one call on your telephone number registered on the National Do Not Call Registry on behalf of A&B Insurance, you may be entitled to benefits under a class action settlement.**

A settlement has been reached in a class action lawsuit, *Youngman and Allen v. A&B Insurance Insurance Company*, No. 6:16-cv-01478-CEM (U.S. District Court M.D.FL.), where Plaintiffs allege that third parties hired by A&B Insurance caused calls to be placed to cellular phones through the use of an automatic telephone dialing system, or an artificial or prerecorded voice, or to numbers registered on the National Do-Not-Call Registry.

A&B Insurance denies any wrongdoing, has asserted defenses, and in agreeing to settle, does not admit any wrongdoing.

**A&B Insurance Settlement Claims Administrator**
P.O. Box XXXX
City, State Zip Code

First-Class
Mail
US Postage
Paid
Permit #___

**«Barcode»**

Postal Service: Please do not mark barcode

Claim ID #: «ClaimID»

«First1» «Last1»
«CO»
«Addr2»
«Addr1»
«City», «St»  «Zip»
«Country»

---

<Barcode>

### A&B Insurance Settlement Claim Form

To make a claim, fill out this Form, sign where indicated, carefully tear at perforation, and drop in the mail.  Claim Forms must be submitted by **Month XX, XXXX**.  You may also complete your Claim Form online at www.XXX.com.  Please have your unique identifier ready, as there is only one claim allowed per telephone number.

**Part I:  <u>Claimant Identification.</u>  <u>Unique Identifier</u>:** «ClaimID»

Phone Number: [PRE-POPULATED BY THE SETTLEMENT ADMIN]
Name (First, Last): [PRE-POPULATED BY THE SETTLEMENT ADMIN]
Street Address: [PRE-POPULATED BY THE SETTLEMENT ADMIN]
City, State, Zip Code: [PRE-POPULATED BY THE SETTLEMENT ADMIN]

**Part II:  <u>Certification.</u>**  By submitting this Claim Form, I certify that the foregoing information is true and correct.

Signature: _____  Date: _____/ _____/ _____

Print Name: _____

### WHO IS A CLASS MEMBER?

You may be in the Settlement Class if, on or after August 18, 2012, you received a call to your cellular telephone line made through the use of an automatic telephone dialing system, or an artificial or prerecorded voice, or you received two or more calls to your telephone number that is registered on the National Do-Not-Call Registry by or on behalf of A&B Insurance and Financial, Inc. ("A&B Insurance").

### SETTLEMENT TERMS

A&B Insurance will pay $4,250,000 into a fund that will cover: (1) cash payments to eligible Settlement Class Members who submit Claim Forms; (2) attorneys' fees to Class Counsel not to exceed $1,416,666.67 plus litigation costs of $42,922.86. Class Counsel incurred prosecuting this litigation as approved by the Court; (3) court-approved service award of $10,000 to each Class Representative; and (4) the costs of administering the settlement. Your share of the fund will depend on the number of claims made. However, Class Counsel estimates you will receive approximately $85.00. The $4,250,000 will be divided among Settlement Class Members who file timely, valid claims after deducting settlement expenses, the service awards, and attorneys' fees and costs.

### YOUR RIGHTS AND OPTIONS

**Submit a Claim Form**. To receive a cash award, fill out the attached Claim Form and drop it in the mail. You may also submit a Claim Form electronically on the Settlement Website: www.XXX.com. You may request a Claim Form by calling 1-XXX-XXX-XXXX or you may download a Claim Form on the Settlement Website. Settlement Class Members may only submit one claim.  Your Claim Form must be postmarked no later than Month XX, XXXX.

**Opt Out**. You may also exclude yourself from the lawsuit and keep your right to sue A&B Insurance on your own by sending a written request for exclusion to the Settlement Administrator by Month XX, XXXX. If you do not exclude yourself, you will be bound by the settlement and give up your right to sue regarding the settled claims. Please visit the Settlement Website for more details.

**Object**. If you do not exclude yourself, you have the right to comment or object to the proposed settlement. Written objections must be signed, postmarked by Month XX, XXXX, and provide the reasons for the objection. Please visit the Settlement Website for more details.

**Do Nothing.** If you do nothing, you will not receive any payment and will lose the right to sue regarding any issues relating to this action.  You will be considered part of the Settlement Class, and you will be bound by the Court's decisions.

**Attend the Final Approval Hearing**. The Court has set a hearing to decide whether the settlement should be approved on Month XX, XXXX at X:00  .m. at the United States District Court for the Middle District of Florida, 401 West Central Boulevard, Orlando, FL 32801. All persons who timely object to the settlement by Month XX, XXXX may ask to appear at the Final Approval Hearing.

**This Notice is only a summary. You can find more details about the settlement on the website: www.XXX.com or by calling toll free 1-XXX-XXX-XXXX. Please do not contact the Court.**

NO POSTAGE
NECESSARY
IF MAILED IN
THE UNITED
STATES

A&B Insurance Settlement
Claims Administrator
P.O. Box XXXX
City, State Zip Code

# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| JIM YOUNGMAN and ROBERT ALLEN individually and on behalf of all others similarly situated, | NO. 6:16-cv-01478-CEM |
| Plaintiffs, | |
| v. | |
| A&B INSURANCE AND FINANCIAL, INC. | |
| Defendant. | |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, this Action is a putative class action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*,

WHEREAS, Plaintiffs have filed an unopposed Motion for Preliminary Approval of a Class Wide Settlement (the "Motion");

WHEREAS, the Motion attaches and incorporates a Settlement Agreement[1] (the "Settlement Agreement") that, together with the exhibits thereto, sets forth the terms and conditions for the settlement of claims, on a class wide basis, against A&B Insurance and Financial, Inc. ("A&B Insurance") (Plaintiffs and A&B Insurance are collectively referred to as the "Parties") as more fully set forth below; and

WHEREAS, the Court having carefully considered the Motion and the Settlement Agreement, and all of the files, records, and proceedings herein, and the Court determining upon preliminary examination that the Settlement Agreement appears to be fair, reasonable and adequate, and that the proposed plan of notice to the Settlement Class is the best notice

---

[1] Unless otherwise defined herein, all capitalized terms have the definitions set forth in the Settlement Agreement.

practicable under the circumstances and consistent with requirements of due process and Federal Rule of Civil Procedure 23, and that a hearing should and will be held after notice to the Settlement Class to confirm that the Settlement Agreement is fair, reasonable, and adequate, and to determine whether this Court should enter a judgment approving the Settlement and an order of dismissal of this action based upon the Settlement Agreement;

   NOW, THEREFORE, IT IS HEREBY ORDERED:

   1. For purposes of settlement only, the Court has jurisdiction over the subject matter of this action and personal jurisdiction over the parties and the members of the Settlement Class described below.

**Certification of Settlement Class**

   2. Under Rule 23(b)(3) of the Federal Rules of Civil Procedure, and for purposes of settlement only, a "Settlement Class" is preliminarily certified, consisting of the following class:

> All persons within the United States whom Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to phone numbers registered on the Do Not Call Registry for at least 31 days; or (b) any telephone calls to cellular telephone numbers using an automatic telephone dialing system or an artificial or prerecorded voice between August 18, 2012 through April 26, 2017, as reflected in the records produced by the third party call centers. The telephone numbers of these individuals for the relevant time period are identified in the February 21st, 2017 expert report of Anya Verkhovskaya.

   3. All Persons who are members of the Settlement Class who have not submitted a timely request for exclusion are referred to collectively as "Settlement Class Members" or individually as a "Settlement Class Member."

   4. For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been preliminarily satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members

thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately represent the interests of the Settlement Class Members; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with Plaintiffs' counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by members of the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

5.     Under Federal Rule of Civil Procedure 23, and for settlement purposes only, Plaintiffs Jim Youngman and Robert Allen are hereby appointed Class Representatives and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Timothy Howard
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way #125
Tallahassee, Florida 32309

**Notice and Administration**

6.     The Court hereby approves of Kurtzman Carson Consultants to perform the functions and duties of the Settlement Administrator set forth in the Settlement Agreement – including effectuating the Notice Plan – and to provide such other administration services as are reasonably necessary to facilitate the completion of the Settlement.

7.     The Court has carefully considered the Notice Plan set forth in the Settlement Agreement. The Court finds that the Notice Plan constitutes the best notice practicable under the circumstances, and satisfies fully the requirements of Rule 23 of the Federal Rules of Civil Procedure, the requirements of due process and any other applicable law, such that the terms of the Settlement Agreement, the releases provided for therein, and this Court's final judgment will be binding on all Settlement Class Members.

8.     The Court hereby approves the Notice Plan and the form, content, and requirements of the Notice described in and attached as exhibits to the Settlement Agreement. The Settlement Administrator shall cause the Notice Plan to be completed on or before _____, 2017. Class Counsel shall, prior to the Final Approval Hearing, file with the Court a declaration executed by the Settlement Administrator attesting to the timely completion of the Notice Plan.

9.     All costs of providing Notice to the Settlement Class, processing Claim Forms, and administering distributions from the Settlement Fund shall be paid out of the Settlement Fund, as provided by the Settlement Agreement.

**Exclusion and "Opt-Outs"**

10.    Each and every member of the Settlement Class shall be bound by all determinations and orders pertaining to the Settlement, including the release of all claims to the extent set forth in the Settlement Agreement, unless such persons request exclusion from the Settlement in a timely and proper manner, as hereinafter provided.

11.    A member of the Settlement Class wishing to request exclusion (or "opt-out") from the Settlement shall mail the request in written form, by first class mail, postage prepaid, and received no later than _____, 2017, by the Settlement Administrator at the address specified in the Notice. In the written request for exclusion, the member of the Settlement Class must state his or her full name, address, and telephone numbers. Further, the written request for exclusion must include a statement that the member of the Settlement Class submitting the request wishes to be excluded from the Settlement, and the personal signature of the member of the Settlement Class submitting the request. The request for exclusion shall not be effective unless the request for exclusion provides the required information and is made within the time stated above, or the exclusion is otherwise accepted by the Court. No member of the Settlement Class, or any person acting on behalf of or in concert or in participation with a member of the Settlement Class, may request exclusion of any other member of the Settlement Class from the Settlement.

12.    Members of the Settlement Class who timely request exclusion from the Settlement will relinquish their rights to benefits under the Settlement and will not release any claims against A&B Insurance or any of the other Released Parties.

13.    All Settlement Class Members who do not timely and validly request exclusion shall be so bound by all terms of the Settlement Agreement and by the Final Approval Order and Judgment even if they have previously initiated or subsequently initiate individual litigation or

other proceedings against A&B Insurance or any of the other Released Parties.

14.     The Settlement Administrator will promptly provide all Parties with copies of any exclusion requests, and Plaintiff shall file a list of all persons who have validly opted-out of the Settlement with the Court prior to the Final Approval Hearing.

**Objections**

15.     Any Settlement Class Member who does not file a timely request for exclusion, but who wishes to object to approval of the proposed Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representatives must submit to Class Counsel and the Settlement Administrator a written statement that includes: his or her full name; address; telephone numbers that he or she maintains were called; all grounds for the objection, with factual and legal support for each stated ground; the identity of any witnesses he or she may call to testify; copies of any exhibits that he or she intends to introduce into evidence at the Final Approval Hearing; the identity of any attorney consulted as to such objection; and a statement of whether he or she intends to appear at the Final Approval Hearing with or without counsel. Any objecting Settlement Class Member must also send a copy of the filing to the Settlement Administrator at the same time it is filed with the Court. The Court will consider objections to the Settlement, to the award of attorneys' fees and expenses, or to the compensation award to the Class Representatives only if, on or before **_____, 2017**, such objections and any supporting papers are filed in writing with the Clerk of this Court and served on the Settlement Administrator.

16.     A Settlement Class Member who has timely filed a written objection as set forth above may appear at the Final Approval Hearing in person or through counsel to be heard orally regarding their objection. It is not necessary, however, for a Settlement Class Member who has

filed a timely objection to appear at the Final Approval Hearing. No Settlement Class Member wishing to be heard orally in opposition to the approval of the Settlement and/or the request for attorneys' fees and expenses and/or the request for a compensation award to the Class Representatives will be heard unless that person has filed a timely written objection as set forth above. No non-party, including members of the Settlement Class who have timely opted-out of the Settlement, will be heard at the Final Approval Hearing.

17.     Any member of the Settlement Class who does not opt out or make an objection to the Settlement in the manner provided herein shall be deemed to have waived any such objection by appeal, collateral attack, or otherwise, and shall be bound by the Settlement Agreement, the releases contained therein, and all aspects of the Final Approval Order and Judgment.

**Final Approval Hearing**

18.     The Federal Rule of Civil Procedure 23(e) Final Approval Hearing is hereby scheduled to be held before the Court on _____, **2017 at** _____ **M** for the following purposes:

(a)     to finally determine whether the applicable prerequisites for settlement class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are met;

(b)     to determine whether the Settlement is fair, reasonable and adequate, and should be approved by the Court;

(c)     to determine whether the judgment as provided under the Settlement Agreement should be entered, including a bar order prohibiting Settlement Class Members from further pursuing claims released in the Settlement Agreement;

       (d)     to consider the application for an award of attorneys' fees and expenses of Class Counsel;

       (e)     to consider the application for compensation award to the Class Representatives;

       (f)     to consider the distribution of the Settlement Benefits under the terms of the Settlement Agreement; and

       (g)     to rule upon such other matters as the Court may deem appropriate.

19.     On or before seven (7) days prior to the Final Approval Hearing, Class Counsel shall file and serve (i) a motion for final approval; and (ii) any application for a compensation award to the Class Representatives as well as any application for an award of attorneys' fees and expenses.

20.     The Final Approval Hearing may be postponed, adjourned, transferred or continued by order of the Court without further notice to the Settlement Class. At, or following, the Final Approval Hearing, the Court may enter a Final Approval Order and Judgment in accordance with the Settlement Agreement that will adjudicate the rights of all class members.

21.     For clarity, the deadlines the Parties shall adhere to are as follows:

**Class Notice Completed by:**     **_____, 2017** (21 days from Preliminary Approval)

**Objection/Exclusion Deadline:**     **_____, 2017** (60 days from Notice Deadline)

**Claim Deadline:**     **_____, 2017** (60 days from Notice Deadline)

**Final Approval Submissions:**     **_____, 2017** (7 days before Final Approval Hearing)

**Final Approval Hearing:**     **_____, 2017 at _____ m.** (110 days after Preliminary Approval)

22.     Settlement Class Members do not need to appear at the Final Approval Hearing or

take any other action to indicate their approval.

**Further Matters**

23.     All discovery and other pretrial proceedings (including any pleading deadlines) in the Action as between the Plaintiffs and A&B Insurance are stayed and suspended until further order of the Court except such actions as may be necessary to implement the Settlement Agreement and this Order.

24.     In the event that the Settlement Agreement is terminated under the terms of the Settlement Agreement, or for any reason whatsoever the approval of it does not become final and no longer subject to appeal, then: (i) the Settlement Agreement shall be null and void, including any provisions related to the award of attorneys' fees and expenses, and shall have no further force and effect with respect to any party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (ii) all negotiations, proceedings, documents prepared, and statements made in connection therewith shall be without prejudice to any person or party hereto, shall not be deemed or construed to be an admission by any party of any act, matter, or proposition, and shall not be used in any manner of or any purpose in any subsequent proceeding in this Action or in any other action in any court or other proceeding, provided, however, that the termination of the Settlement Agreement shall not shield from subsequent discovery any factual information provided in connection with the negotiation of this Settlement Agreement that would ordinarily be discoverable but for the attempted settlement; (iii) this Order shall be vacated and of no further force or effect whatsoever, as if it had never been entered; and (iv) any party may elect to move the Court to implement the provisions of this paragraph, and none of the non-moving parties (or their counsel) shall oppose any such motion.

25.     The Court retains jurisdiction to consider all further matters arising out of or connected with the Settlement.


DATED: _____, 2017        _____
                                       United States District Court