# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JIM YOUNGMAN and ROBERT ALLEN, individually and on behalf of a class of all persons and entities similarly situated,

   Plaintiffs,

v.              Case No: 6:16-cv-1478-Orl-41GJK

A&B INSURANCE AND FINANCIAL, INC.,

   Defendant.

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Doc. No. 57)** |
| **FILED:** | November 7, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED**. | |

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED MOTION TO SUBMIT THE CLASS LIST UNDER PERMANENT SEAL (Doc. No. 58)** |
| **FILED:** | November 7, 2017 |
| **THEREON** it is **RECOMMENDED** that the motion be **DENIED AS MOOT**. | |

The matter before the Court is a proposed class action settlement under the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Doc. Nos. 42, 57. On May 31, 2017, Plaintiffs filed an Unopposed Motion for Preliminary Approval of Class Action Settlement (the "Original Motion"). Doc. No. 46. On September 29, 2017, the undersigned entered a Report and Recommendation identifying issues in the Original Motion and accompanying documents that precluded granting the Original Motion. Doc. No. 52. On October 6, 2017, the parties filed a "Joint Notice of No Objection to Report and Recommendation of the Magistrate Judge" (the "Joint Notice"). Doc. No. 53. The parties represented that they believed that the issues identified in the Report and Recommendation could be addressed with a revised settlement agreement and a renewed motion for preliminary approval. *Id.* On November 7, 2017, Plaintiffs filed an Unopposed Renewed Motion for Preliminary Approval of Class Action Settlement (the "Renewed Motion"). Doc. No. 57. Also on November 7, 2017, Plaintiffs filed an Unopposed Motion to Submit the Class List Under Permanent Seal (the "Motion to Seal"). Doc. No. 58.

## I.   THE RENEWED MOTION.

Accompanying the Renewed Motion for preliminary approval of the class action settlement are the Amended Class Action Settlement Agreement (the "Amended Agreement"), the proposed notice to potential members of the class ("Proposed Notice"), a proposed Preliminary Approval Order ("Preliminary Order"), a proposed Final Approval Order and Judgment ("Final Order"), and various affidavits. Doc. Nos. 57-1 through 57-8. After a careful review of the Renewed Motion and accompanying documents, the parties remedied the issues precluding approval identified in the Report and Recommendation. New issues precluding approval exist, however.

### A. Remedied Deficiencies

One of the main issues precluding granting the Original Motion were the inconsistent definitions of Settlement Class, Releasing Parties, and Released Claims throughout the Amended Complaint, the Settlement Agreement, the proposed orders, and the proposed notice. Doc. No. 52 at 8, 10, 14-18, 19, 23. The parties rectified this issue, and the Settlement Class, Releasing Parties, and Released Claims all consistently refer to the following throughout the documents supporting the Renewed Motion:

> all individuals and entities within the United States to whom, between August 18, 2012, and April 26, 2017, on the telephone numbers identified in the class list dated November 6, 2017, provided by KCC[1] to the Parties, Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to a telephone number registered on the Do Not Call Registry for at least 31 days; or (b) any telephone calls to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice. Excluded from the Settlement Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

Doc. No. 57-1 at 7-9, 29, 38, 50.

Another major issue preventing granting the Original Motion was the lack of information regarding how the parties determined the identities of potential class members. Doc. No. 52 at 13-16. In support of the Renewed Motion, Plaintiffs filed the Data Analysis Report of Anya Verkhovskaya. Doc. No. 57-2. Verkhovskaya is the Managing Director of DRRT, which conducted the data analysis that generated the identification of potential class members. *Id.* at ¶ 8. The Data Analysis Report sets forth Verkhovskaya's extensive experience in identifying class members in TCPA class actions and the procedure she used to do so in this case. *Id.* at 4-6.

---

[1] "KCC" refers to Kurtzman Carson Consultants LLC, the proposed Settlement Administrator. Doc. No. 57-1 at 7.

Verkhovskaya asserts that the list she generated contains the telephone numbers that were on the National Do Not Call Registry ("NDNCR") but were called twice within twelve months, the cellular phone numbers that were called using an automated dialing system or prerecorded voice message, and the phone numbers that met both of those categories, resulting in 330,511 unique telephone numbers. *Id.* at ¶ 22. Plaintiffs also filed the Declaration of Eric Robin Regarding Class List (the "Declaration"). Doc. No. 57-3. Robin is Senior Project Manager at KCC, and in the Declaration, he described the work done "to identify names and addresses of members of the proposed settlement class . . . ." *Id.* at 2. Robin asserts that, between KCC's and Verkhovskaya's work, the total percentage of telephone numbers that meet the class definition with which Plaintiffs have associated mailable addresses is 99.2%. *Id.* at ¶ 7. The undersigned finds that Plaintiffs have now sufficiently explained how the identities of potential class members were determined such that the proposed class is adequately defined and clearly ascertainable. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016). The undersigned also finds that, due to the high percentage of associated mailable addresses obtained, proposed notice by mail is the best as practicable, under the circumstances. *See Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001) (citing Fed. R. Civ. P. 23(c)(2)(B)).

The parties also clarified in the Amended Agreement and in the Proposed Notice that the Settlement Fund will be used to pay the incentive awards to the Class Representatives, in addition to the attorney's fees and costs. Doc. No. 57-1 at 20, 36, 41. The Amended Agreement now contains the amount of expenses. *Id.* at 20. The Proposed Notice also now makes it clear that it is only the attorney's fees award that represents 33 1/3 of the total Settlement Fund, and that the 33 1/3 does not include costs. *Id.* at 41.

The parties removed language from the original settlement agreement purporting to permit them to change the agreement without Court approval after the preliminary approval order is entered. *Id.* at 2-25. The Amended Agreement provides that any remaining funds shall be distributed as a *cy pres* award to an organization that the Court elects in its sole discretion, and the parties recommend The Florida Bar Foundation and the Electronic Privacy Information Center. *Id.* at 11. The Amended Agreement consistently uses the term "Settlement Fund," rather than using both that term and "Common Fund." *Id.* The parties removed Thomas Cargill as counsel for Defendant in the Amended Agreement, as he was permitted to withdraw from representing Defendant. *Id.* at 3; Doc. No. 51. The parties now consistently state throughout the supporting documents what an objector to the Amended Agreement must do to assert a cognizable objection. Doc. No. 57-1 at 13-14, 41, 54.

In the Original Motion, no information was given regarding why a $10,000 incentive award would be appropriate for the Class Representatives. Doc. No. 52 at 19. In the Renewed Motion, Plaintiffs explain that "Plaintiffs' services were instrumental to the initiation and prosecution of this action, and they assisted Class Counsel with this case, and at mediation." Doc. No. 57 at 6. Plaintiffs also provide a list of cases where federal courts approved equal or substantially higher incentive awards for class representatives. *Id.* at 6 n.5.

Regarding notice, the Report and Recommendation commented that the original proposed notice did not contain the deadline for making a claim, and the instructions on the postcard referred to a "unique identifier" required to submit a claim, but did not provide information regarding what a "unique identifier" is or where it could be found. Doc. No. 52 at 20-21. Plaintiffs remedied these inadequacies. The Proposed Notice now contains the deadline for submitting a claim. Doc. No.

57-1 at 37, 39. Additionally, the postcard now states that a claim will not be denied on the sole basis of lacking a "unique identifier." *Id.* at 45.

The Report and Recommendation also stated that more explanation was needed regarding how Plaintiffs arrived at an estimate of $85 for the claim amount that they estimate members of the Settlement Class would receive. Doc. No. 52 at 22. Plaintiffs set forth the numbers they used to calculate that figure and explained that they used a 9% participation rate for Settlement Class Members, "which is conservatively high based on both Plaintiffs' counsel's experience." Doc. No. 57 at 7. This is sufficiently justifies the $85 estimate.

In the documents supporting the Original Motion, and as pointed out in the Report and Recommendation, there was a conflict between the original proposed notice and the proposed preliminary order regarding what an objecting Settlement Class Member must do to be permitted to speak at the Final Hearing. Doc. No. 52 at 23. Requirements for permitting an objecting Settlement Class Member to speak at the Final Hearing have now been removed from the Proposed Notice. Doc. No. 57 at 2. Finally, the deadlines were changed in the Preliminary Order so that the motion for final approval, any application for a compensation award to the Class Representatives, and an application for an award of attorney's fees and expenses must be filed thirty days before the final approval hearing, and the final approval hearing is scheduled to occur 140 days after the preliminary approval hearing. Doc. No. 57-1 at 56.

In the Original Motion, the parties did not explain how the settlement website would be found. Doc. No. 52 at 20. The Renewed Motion states that the "Settlement Administrator is publishing online banner advertisements . . . ." Doc. No. 57 at 25. Robin states that KCC recommends placing the banner advertisements on Facebook. Doc. No. 57-3 at ¶ 9. Additionally, in the Amended Agreement, it states that "the Settlement Administrator will implement an online

media campaign . . . ." Doc. No. 57-1 at 13. The supporting documents include examples of internet advertisements about this class action and the settlement, Doc. No. 57-1 at 60-65.

The parties remedied the deficiencies described in the Report and Recommendation. New issues have arisen, however.

### B.     Remaining Deficiencies

There remain issues that preclude recommending granting the Renewed Motion. First, the Amended Agreement does not contain the amount of the attorney's fees to be awarded to Class Counsel. Also regarding the award of attorney's fees, the Renewed Motion lists the attorney's fee award as $1,416,666.67, Doc. No. 57 at 3, but the Final Order and the Proposed Notice omit the 67 cents from this amount. Doc. No. 57-1 at 32, 36, Second, section 4.7 of the Amended Agreement states the following: "The Settlement Administrator shall resolve any disputes regarding multiple claims relating to the same telephone number, including, if appropriate, paying the claims of more than one individual or entity associated with a telephone number between August 18, 2012 through April 26, 2017." *Id.* at 16. It is not clear what the date limitation at the end of the sentence refers to. Third, the first page of the Proposed Notice sets forth the amount of attorney's fees and costs, but does not state the amount of the incentive award for the Class Representatives. *Id.* at 36. Fourth, when discussing the release in the Proposed Notice, the date restriction is not included. *Id.* at 39-40. Fifth, on the proposed postcard notice, in describing the Settlement Class, the restriction of two or more calls to a telephone number on the NDNCR omits that the calls must be made within twelve months of each other. *Id.* at 4. In light of the foregoing issues, it is recommended that the Renewed Motion be denied.

## II. THE MOTION TO SEAL.

In the Motion to Seal, Plaintiffs ask that if they are required to submit the Class List, that it be filed under permanent seal. Doc. No. 58 at 2. Plaintiffs represent that the Class List is a large Excel file that "cannot be filed through ECF in its functional form." *Id.* Plaintiffs present satisfactory information regarding the contents of the Class List through the Data Analysis Report of Anya Verkhovskaya and Robin's Declaration, such that filing the Class List is unnecessary. Thus, it is recommended that the Motion to Seal be denied as moot.

## III. CONCLUSION.

Accordingly, it is **RECOMMENDED** that the Court:

1) **DENY** the Renewed Motion (Doc. No. 57);

2) Allow the parties to file a renewed motion addressing the issues outlined in this Report and Recommendation; and

3) **DENY AS MOOT** the Motion to Seal (Doc. No. 58).

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual findings or legal conclusions the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **Should the parties wish to expedite the resolution of this matter, they may promptly file a**

**joint notice of no objection.**

Recommended in Orlando, Florida, on February 2, 2018.

_/s/ Greg Kelly_
GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record
Courtroom Deputy