# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

JIM YOUNGMAN and ROBERT
ALLEN, individually and on behalf of a
class of all persons and entities similarly
situated,

        Plaintiffs,

v.                                Case No:   6:16-cv-1478-Orl-41GJK

A&B INSURANCE AND FINANCIAL,
INC.,

        Defendant.

_____

## REPORT AND RECOMMENDATION

This cause came on for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S UNOPPOSED SECOND RENEWED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT (Doc. No. 61)** |
| **FILED:** | **February 14, 2018** |

**THEREON** it is **RECOMMENDED** that the motion be **GRANTED**.

## I.  FACTUAL BACKGROUND

The matter before the Court is a proposed class action settlement under the Telephone

Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA"). Doc. Nos. 42, 61. In the Amended

Complaint, Plaintiffs Jim Youngman and Robert Allen allege that Defendant allegedly "uses

telemarketing to attempt and obtain new clients." Doc. No. 42 at ¶ 22. They allege that Defendant

"placed multiple telemarketing calls to telephone numbers registered on the National Do Not Call

Registry [(the "Registry")] and made prerecorded calls placed via an Automatic Telephone Dialing

System [("ATDS")] to cellular telephones, all in violation of the TCPA." *Id.* at ¶ 2. Plaintiffs allege that Youngman received calls from Defendant on January 18 and 20, 2016, in addition to other dates, "from telemarketing representatives calling from" Defendant and that his telephone number was on the Registry. *Id.* at ¶¶ 20, 23. Plaintiffs also allege that "Defendant has received a number of complaints related to calling individuals who were on state or federal Do Not Call registries." *Id.* at ¶ 28.

Plaintiffs claim that Allen received "a prerecorded telephone call placed via an ATDS . . . on his cellular telephone promoting the goods and services of [Defendant] in December of 2015." *Id.* at ¶ 32. Plaintiffs filed a one-count class action complaint against Defendant for allegedly violating the TCPA by making or hiring people to make the calls to Plaintiffs. *Id.* at 9-10. Plaintiffs allege, "Under the TCPA, a seller of a product or service may be vicariously liable for a third-party marketer's violations of Section 227(b), even if the seller did not physically dial the illegal call, and even if the seller did not directly control the marketer who did." *Id.* at ¶ 33.

Plaintiffs tentatively defined the class in the Amended Complaint as the following:

> All persons within the United States whom Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to phone numbers registered on the . . . Registry for at least 31 days; or (b) any telephone calls to cellular telephone numbers using an [ATDS] or an artificial or prerecorded voice between August 18, 2012 through April 26, 2017, as reflected in the records produced by the third party call centers. These individuals are identified in the February 21st, 2017 expert report of Anya Verkhovskaya.

*Id.* at ¶ 38. Plaintiffs excluded the following from the class: "Defendant, and any entities in which the Defendant [has] a controlling interest, the Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family." *Id.* at ¶ 39.

Plaintiffs request injunctive relief; statutory damages of $500 and treble damages of up to $1,500, per call; their attorney's fees and costs for them and the proposed class; and certification of this action as a proper class action under Federal Rule of Civil Procedure 23, establishing a class as the Court deems appropriate, finding that Plaintiffs are proper representatives of the class, and appointing Plaintiffs' counsel as class counsel. *Id.* at 9-10.

In April 2017, the parties mediated this case and agreed to the parameters of a class action settlement. Doc. No. 61 at 8. On May 31, 2017, Plaintiff filed an Unopposed Motion for Preliminary Approval of Class Action Settlement. Doc. No. 46. On September 29, 2017, a Report and Recommendation was issued recommending that the motion be denied due to numerous deficiencies. Doc. No. 52. On October 6, 2017, the parties filed a Joint Notice of No Objection to Report and Recommendation of the Magistrate Judge. Doc. No. 53. On November 7, 2017, the parties filed a renewed motion seeking preliminary approval of their settlement, in which they corrected the deficiencies noted in the Report and Recommendation. Doc. No. 57. On February 2, 2018, the undersigned issued a Report and Recommendation on the renewed motion, noting the correction of the previous deficiencies and the existence of new ones. Doc. No. 59. On February 14, 2018, the parties filed a Joint Notice of No Objection to that Report and Recommendation. Doc. No. 60. Also on February 14, 2018, Plaintiffs filed their Unopposed Second Renewed Motion for Preliminary Approval of Class Action Settlement, which is now pending before the Court (the "Motion"). Doc. No. 61. In support of the Motion, Plaintiff includes: 1) the Second Amended Class Action Settlement Agreement (the "Agreement"), Doc. No. 62 at 2-28; 2) a proposed Final Approval Order and Judgment, *id.* at 30-37; 3) the Proposed Notice, *id.* at 39-49; 4) a proposed Preliminary Approval Order, *id.* at 51-61; 5) proposed Internet advertisements for the class action settlement, *id.* at 63-68; 6) the Data Analysis Report of Anya Verkhovskaya, Doc. No. 61-2, 7) the

Declaration of Eric Robin Regarding Class List, Doc. No. 61-3; and 8) Plaintiffs' counsel's affidavits attesting to their qualifications and costs incurred in litigating this action, Doc. Nos. 61-4 through 61-7.

## II.   APPLICABLE LAW

Plaintiffs seek preliminary approval of the settlement of this proposed class action. Doc. No. 61 at 22. The Agreement contemplates preliminary approval of it, certification of a settlement class,[1] followed by notice to the settlement class, a period for claims to be submitted by the members of the settlement class, and ultimately, after a hearing, this Court's entry of a final order certifying the settlement class and approving the settlement. Doc. No. 62 at 7, 12, 15, 17-20. "A class may be certified 'solely for purposes of settlement where a settlement is reached before a litigated determination of the class certification issue.'" *Diakos v. HSS Sys., LLC,* 137 F. Supp. 3d 1300, 1306 (S.D. Fla. 2015). "Whether a class is certified for settlement or for trial, the Court must find that the prerequisites for class certification under Rule 23(a) and (b) of the Federal Rules of Civil Procedure are met." *Id.* The Court is mindful that to grant final approval of a settlement class it must perform a "rigorous analysis" to ensure that the movant meets the Rule 23 requirements before certifying a class. *Gen. Tel. Co. v. Falcon*, 457 U.S. 147, 161 (1982); *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court need not inquire whether the case, if tried, would present intractable management problems . . . . But other specifications of [Rule 23] – those designed to protect absentees by blocking unwarranted or overbroad class definitions – demand undiluted, even heightened, attention in the settlement context.").

---

[1] The Motion requests "provisional certification" of the settlement class. Doc. No. 61 at 12.

Although not explicitly stated in Rule 23, the Eleventh Circuit has also required that the class representative has standing to sue and the proposed class is adequately defined and clearly ascertainable. *See Prado-Steiman ex rel. Prado v. Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000) ("[P]rior to the certification of a class … the district court must determine that at least one named class representative has Article III standing to raise each class subclaim"); *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016). Rule 23(a) is satisfied when the movant shows: 1) the class is so numerous that joinder of all members is impracticable; 2) there are questions of law or fact common to the class; 3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and 4) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a).

Should the movant attempt to certify a class under Rule 23(b)(3), after meeting the requirements of 23(a), two additional requirements must be satisfied. First, the movant must show that the questions of law or fact common to the class members predominate over any questions affecting individual members. Fed. R. Civ. P. 23(b)(3). Second, the movant must show that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy. *Id.*

If a party attempts to certify a class under Rule 23(b)(3), then notice must be provided to all class members. *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001). Federal Rule of Civil Procedure 23(c)(2) requires that the notice be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Id.* (citing Fed. R. Civ. P. 23(c)(2)(B)). When reviewing the settlement for preliminary approval, the Court must "review and approve the proposed form of notice to the class …" *Family Med. Pharmacy,* 2016 WL 7320885, at *5.

The Court is required "to make a preliminary determination on the fairness, reasonableness, and adequacy of the settlement terms." *Fresco v. Auto Data Direct, Inc.* No. 03–61063–CIV, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). When making such a determination, the Court decides whether the proposed settlement "is within the range of possible approval or, in other words, [if] there is probable cause to notify the class of the proposed settlement." *Id.* (citations and quotations omitted). "Preliminary approval is appropriate where the proposed settlement is the result of the parties' good faith negotiations, there are no obvious deficiencies and the settlement falls within the range of reason." *In re Checking Account Overdraft Litigation*, 275 F.R.D. 654, 661 (S.D. Fla. 2011) (citations omitted). After determining the fairness of the settlement terms, the Court must "communicate the proposed settlement to the class, review and approve the proposed form of notice to the class, and … authorize the manner and form of dissemination of the notice." *Family Med. Pharmacy, LLC v. Perfumania Holdings*, No. 15-0563-WS-C, 2016 WL 7320885, at *5 (S.D. Ala. Dec. 14, 2016) (citations omitted). Thus, to grant preliminary approval of the Agreement and the settlement class, the Court determines whether the requirements of Rule 23 are met and examines the fairness of the Agreement.

## III.   ANALYSIS

Plaintiffs propose a class consisting of the following:

> All individuals and entities within the United States to whom, between August 18, 2012, and April 26, 2017, on the telephone numbers identified in the class list dated November 6, 2017, provided by KCC[2] to the Parties, Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to a telephone number registered on the . . . Registry for at least 31 days; or (b) any telephone calls to a cellular telephone number using an [ATDS] or an artificial or prerecorded voice. Excluded from the Settlement Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom

---

[2] "KCC" refers to Kurtzman Carson Consultants LLC, the proposed Settlement Administrator. Doc. No. 62 at 8.

this action is assigned and any member of such judge's staff and
immediate family.

Doc. No. 61 at 9.

### A.    Class Certification Requirements

Although Plaintiffs' Motion is uncontested, the Court performs a "rigorous analysis" to
ensure that the movant meets the Rule 23 requirements before certifying a class. *Gen. Tel. Co. v.
Falcon*, 457 U.S. 147, 161 (1982).

### 1.    Standing

To establish standing under Article III, a plaintiff must show that he suffered an injury-in-
fact, that there is a causal connection between the injury-in-fact and the defendant's action, and
that it is likely that a favorable decision would redress the injury. *Wooden v. Bd. of Regents of
Univ. Sys. of Ga.*, 247 F.3d 1262, 1273–74 (11th Cir. 2001). "To have standing to represent a class,
a party must not only satisfy the individual standing prerequisites, but must also 'be part of the
class and possess the same interest and suffer the same injury as the class members.'" *Mills v.
Foremost Ins. Co.*, 511 F.3d 1300, 1307 (11th Cir. 2008) (quoting *Prado–Steiman ex rel. Prado v.
Bush*, 221 F.3d 1266, 1279 (11th Cir. 2000)).

Plaintiffs allege that Youngman received calls from Defendant on January 18 and 20, 2016,
in addition to other dates, "from telemarketing representatives calling from" Defendant and that
his telephone number was on the Registry. Doc. No. 42 at ¶¶ 20, 23. Plaintiffs claim that Allen
received "a prerecorded telephone call placed via an ATDS . . . on his cellular telephone promoting
the goods and services of [Defendant] in December of 2015." *Id.* at ¶ 32. These allegations
demonstrate violations of the TCPA. 47 U.S.C. § 227. Thus, Plaintiffs suffered an injury-in-fact
(receiving telephone calls in violation of the TCPA), that there is a causal connection between the
injury-in-fact and the defendant's action (the calls were made on Defendant's behalf), and that it

is likely that a favorable decision would redress the injury (the TCPA provides statutory and treble damages for its violations, 47 U.S.C. § 227(b)(1)). Additionally, there is no dispute that Plaintiffs possess the same interest and suffered the same injury as the putative class. Plaintiffs thus satisfy the standing requirement.

2. <u>Adequately Defined and Clearly Ascertainable</u>

Plaintiffs must establish that the proposed class is adequately defined and clearly ascertainable. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016). Plaintiffs meet this burden with the Data Analysis Report of Anya Verkhovskaya, Doc. No. 61-2, and the Declaration of Eric Robin Regarding Class List, Doc. No. 61-3. The Data Analysis Report sets forth Verkhovskaya's extensive experience in identifying class members in TCPA class actions and the procedure she used to do so in this case. Doc. No. 61-2 at 4-6. Verkhovskaya asserts that the list she generated contains the telephone numbers that were on the Registry, but were called twice within twelve months, the cellular phone numbers that were called using ATDS or a prerecorded voice message, and the phone numbers that met both of those categories, during the relevant time period, which resulted in 330,511 unique telephone numbers. *Id.* at 4-5. Robin is Senior Project Manager at KCC, and in the Declaration, he described the work done "to identify names and addresses of members of the proposed settlement class . . . ." Doc. No. 61-3 at 2. Robin asserts that between KCC's and Verkhovskaya's work, the total percentage of telephone numbers that meet the class definition with which Plaintiffs have associated mailable addresses is 99.2%. *Id.* at ¶ 7. Plaintiffs thus sufficiently explain how the identities of potential class members were determined such that the proposed class is adequately defined and clearly ascertainable. *Carriuolo v. Gen. Motors Co.*, 823 F.3d 977, 984 (11th Cir. 2016).

3.    <u>Numerosity</u>

The first requirement Plaintiffs must satisfy under Rule 23(a) is that "the class is so numerous that joinder of all members is impracticable . . . ." Fed. R. Civ. P. 23(a)(1). Plaintiffs submit evidence that Defendant's third party call centers placed calls to 330,511 unique telephone numbers that allegedly violated the TCPA. Doc. No. 61-2 at 6. This satisfies the numerosity requirement. *See Kilgo v. Bowman Transp., Inc.*, 789 F.2d 859, 878 (11th Cir. 1986) (district court did not abuse its discretion in finding that numerosity requirement was met where thirty-one individual class members from wide geographical area were identified).

4.    <u>Commonality</u>

The second requirement Plaintiffs must satisfy under Rule 23(a) is that "there are questions of law or fact common to the class . . . ." Fed. R. Civ. P. 23(a)(2). "Commonality requires the plaintiff to demonstrate that the class members 'have suffered the same injury . . . .'" *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 349–50 (2011) (quoting *Gen. Tel. Co. of Sw. v. Falcon*, 457 U.S. 147, 157 (1982)). The claims must depend on a common contention of which "its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke." *Id.* at 350.

Plaintiffs suffered the same injury as the proposed class members: receiving from third party call centers hired by Defendant either calls on their cellular telephones from an ATDS, or more than one call within twelve months, even though they were on the Registry for more than thirty-one days, between August 18, 2012, and April 26, 2017. Doc. No. 61 at 14. Plaintiffs satisfy the requirement that they suffered the same injury and that issues can be resolved "in one stroke." *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. at 350.

5.      Typicality

The third requirement Plaintiffs must satisfy under Rule 23(a) is that "the claims or defenses of the representative parties are typical of the claims or defenses of the class . . . ." Fed. R. Civ. P. 23(a)(3). Typicality requires that the class representatives have the same interest and the same injury as the potential class members. *Busby v. JRHBW Realty, Inc.*, 513 F.3d 1314, 1322 (11th Cir. 2008). A sufficient nexus must exist between the class representatives' claims and the potential class members' claims. *Id.* There is a sufficient nexus if the class representatives' claims and the potential class members' claims arise from the same event, pattern, or practice and are based on the same theories. *Ault v. Walt Disney World Co.*, 692 F.3d 1212, 1216 (11th Cir. 2012).

As Plaintiffs state in the Motion, their "claims are identical to the claims of the other putative class members in all material ways." Doc. No. 61 at 15. The typicality requirement is satisfied.

6.      Adequacy of Representation

The fourth and final requirement Plaintiffs must satisfy under Rule 23(a) is that "the representative parties will fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). This fourth requirement involves two inquiries: are there substantial conflicts of interest between the representatives and the potential class members and will the representatives adequately prosecute the class action? *Busby v. JRHBW Realty, Inc.*, 513 F.3d at 1323. A fundamental conflict going to the specific issues in controversy warrants denying class certification. *Valley Drug Pharm. v. Geneva Pharms., Inc.*, 350 F.3d 1181, 1189 (11th Cir. 2003). Regarding the adequacy of representation, Rule 23(g)(1)(A) states that the court must consider the following in determining the appointment of class counsel:

(i) the work counsel has done in identifying or investigating potential claims in the action;

- 10 -

(ii) counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;
(iii) counsel's knowledge of the applicable law; and
(iv) the resources that counsel will commit to representing the class
. . . .

The court may also consider "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class . . . ." Fed. R. Civ. P. 23(g)(1)(B).

There is no evidence of any conflicts between Plaintiffs and the potential class members, and Plaintiffs' counsel submitted their affidavits demonstrating extensive experience in litigating TCPA class action lawsuits and the resources they have already committed to this litigation. Doc. Nos. 61-4 through 61-7. Verkhovskaya's Data Analysis Report and Robin's Declaration demonstrate the work that Plaintiffs' counsel caused to be done to investigate the potential claims in this litigation. Doc. Nos. 61-2, 61-3. Thus, Plaintiffs fulfill both prongs of the adequacy requirement.

### 7.   Rule 23(b)(3) Requirements

If Rule 23(a)'s four prerequisites are satisfied, the district court must consider the relevant Rule 23(b) requirements. *Vega v. T-Mobile USA, Inc.*, 564 F.3d at 1265. Plaintiffs rely on subsection (3) of Rule 23(b). Doc. No. 61 at 16-18. There are two inquiries under Rule 23(b)(3): whether "questions of law or fact common to class members predominate over any questions affecting only individual members, and [whether] a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

The matters pertinent to these findings include:

(A) the class members' interests in individually controlling the prosecution or defense of separate actions;
(B) the extent and nature of any litigation concerning the controversy already begun by or against class members;
(C) the desirability or undesirability of concentrating the litigation of the claims in the particular forum; and

(D) the likely difficulties in managing a class action.

Fed. R. Civ. P. 23(b)(3).

a.      Predominance

Rule 23(b)(3) requires a finding that "questions of law or fact common to class members predominate over any questions affecting only individual members." The "predominance inquiry tests whether proposed classes are sufficiently cohesive to warrant adjudication by representation." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 (1997). The court must carefully scrutinize the relationship between common and individual questions in a case. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. at 1045. An individual question requires evidence that is different from one class member to another, but a common question can be resolved by the same evidence for each class member or the issue can be proven by generalized, class-wide proof. *Id.* In reviewing predominance, the court determines whether the common issues are more prevalent or important than the individual issues. *Id.* If the central issues are common to the class and predominate, then the predominance inquiry is satisfied. *Id.*

Common issues predominate here. There is no indication that the putative class members' interests in individually controlling the prosecution of separate actions preclude a finding of commonality or that they have begun any litigation concerning this controversy. The predominance requirement under Rule 23(b)(3) is met.

b.      Superiority

The last requirement Plaintiffs must satisfy for class certification found in Rule 23(b)(3) is that "a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." Fed. R. Civ. P. 23(b)(3). Plaintiffs are ably prosecuting this action, and it would result in judicial inefficiency for over 300,000 of the same claims against Defendant to be

prosecuted separately. There are no apparent difficulties in managing this case as a class action. Therefore, Plaintiffs meet the superiority requirement under Rule 23(b)(3).

### B.    Adequacy of Notice

After determining that Plaintiffs meet the requirements for certifying a class for settlement purposes, attention is turned to the proposed notice to potential class members. Federal Rule of Civil Procedure 23(c)(2) requires that the notice to all class members shall be as "best [as] practicable under the circumstances, including individual notice to all members who can be identified through reasonable effort." *Miles v. Am. Online, Inc.*, 202 F.R.D. 297, 305 (M.D. Fla. 2001) (citing Fed. R. Civ. P. 23(c)(2)(B)). Rule 23(c)(2)(B) requires that the notice contain the following:

> (i) the nature of the action;
> (ii) the definition of the class certified;
> (iii) the class claims, issues, or defenses;
> (iv) that a class member may enter an appearance through an attorney if the member so desires;
> (v) that the court will exclude from the class any member who requests exclusion;
> (vi) the time and manner for requesting exclusion; and
> (vii) the binding effect of a class judgment on members under Rule 23(c)(3).

When reviewing the settlement for preliminary approval, the Court must "review and approve the proposed form of notice to the class …" *Family Med. Pharmacy,* 2016 WL 7320885, at *5.

Plaintiffs remedied the deficiencies in the previous notices supplied to the Court in support of their earlier motions for settlement class approval. *See* Doc. Nos. 52, 57, 59, 61, and 62 at 39-49, 63-68. Additionally, Plaintiffs' expert witnesses are able to identify mailing addresses for 99.2% of the Settlement Class, and the Short Form Notice will be mailed to these addresses. Doc. No. 61 at 21; Doc. No. 61-3 at ¶ 8. The Settlement Administrator will also place internet banner advertisements on Facebook, Doc. No. 61-3 at ¶ 9, and serve notice of the proposed Settlement to

the Attorneys General of each state in which putative class members reside, the Attorney General of the United States, and other required government officials, Doc. No. 61 at 22. The content and method of the proposed notice demonstrate compliance with Rule 23, including subsection (c)(2)(B), and the requirements of due process, and is the best notice that is practicable under all of the circumstances.

### C.     Fairness, Reasonableness, and Adequacy of Proposed Settlement

As Plaintiffs meet the requirements for class certification for settlement purposes and the proposed notice, whether the Agreement is fair, reasonable, and adequate will now be reviewed. *Fresco v. Auto Data Direct, Inc.* No. 03–61063–CIV, 2007 WL 2330895, at *4 (S.D. Fla. May 14, 2007). In determining whether the settlement agreement is fair, reasonable, and adequate, the Court must consider the following factors:

> (1) the likelihood of success at trial; (2) the range of possible recovery; (3) the point on or below the range of possible recovery at which a settlement is fair, adequate and reasonable; (4) the complexity, expense and duration of litigation; (5) the substance and amount of opposition to the settlement; and (6) the stage of proceedings at which the settlement was achieved.

*Bennett v. Behring Corp.*, 737 F.2d 982, 986 (11th Cir. 1984).

Regarding the likelihood of success at trial, the parties disagree about whether Defendant could be vicariously liable for TCPA violations made by third parties that failed to call only those numbers provided by Defendant, and Plaintiffs represent that the courts are divided on this issue. Doc. No. 61 at 6. Defendant maintains that it has viable consent and existing business relationship defenses to the claims of many potential class members and challenges the TCPA's constitutionality. *Id.* at 6-7. Plaintiffs also raise the specter of unfavorable decisions regarding whether the calls were actually placed by an ATDS and on class certification. *Id.* at 7-8. Considering these issues, it is not certain that Plaintiffs would have prevailed at trial.

Regarding the second and third factors—the range of possible recovery and the point on or below the range of possible recovery at which the settlement is fair, adequate, and reasonable—Plaintiffs point out that the TCPA allows for damages of up to $500 per call. *Id.* at 8; 42 U.S.C. § 227(c)(5). In the Amended Complaint, Plaintiffs request treble damages under the TCPA. Doc. No. 42 at 9. Plaintiffs assert that, if they prevailed at trial, a jury could award $1 for each class member for each call. Doc. No. 61 at 8. Under the Agreement, Plaintiffs' counsel estimates that each class member that submits a claim will receive approximately $85 per claim. Doc. No. 62 at 39. Thus, the range of possible recovery is zero (if Defendant prevails) to $1,500 per call, and the settlement amount is within that range. The settlement amount thus appears, at this stage of the proceedings, to be fair, adequate, and reasonable.

Regarding the fourth factor—the complexity, expense and duration of litigation—this case was commenced on August 18, 2016, and the parties reached the parameters of the Agreement in April 2017. Doc. No. 1; Doc. No. 61 at 8. Plaintiffs' counsel represent that their firms expended approximately $42,922.86 in costs in litigating this matter. Doc. Nos. 61-4 at 3; Doc. No. 61-6 at 3; Doc. No. 61-7 at 3. The description above regarding the likelihood of Plaintiffs prevailing at trial also indicates the complexity of the issues involved. In addition, a review of Verkhovskaya's Data Analysis Report and Robin's Declaration demonstrate the complexities in determining the members of the potential class. Doc. Nos. 61-2, 61-3. Thus, the fourth factor weighs in favor of finding the Agreement fair, reasonable, and adequate.

At this stage of the proceedings, there is no evidence regarding the fifth factor of the substance and amount of opposition to the Agreement.

Finally, the sixth factor—the stage of proceedings at which the settlement was achieved—favors finding the Agreement fair, reasonable, and adequate. When the parameters of the

Agreement were reached, Defendant had filed its Answer. Doc. No. 22. Although there were no pending motions, Plaintiffs represent that the settlement was reached following voluminous discovery, wherein "[t]he parties reviewed more than 30,000 pages of documents." Doc. No. 61 at 5. Thus, the Agreement was reached after the parties had sufficient information to evaluate the strengths and weaknesses of their positions and through mediation. *Id.* at 4.

## IV.    CONCLUSION

At this preliminary stage, Plaintiffs satisfy the requirements of class certification under Rule 23. The proposed notice is the best as is practicable. Finally, the Agreement is fair, reasonable, and adequate.

Accordingly, it is **RECOMMENDED** that the Court **GRANT** the Motion (Doc. No. 61) and enter Plaintiffs' proposed Preliminary Approval Order (Doc. No. 62 at 51-61).

<u>**NOTICE TO PARTIES**</u>

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. Failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual findings or legal conclusions the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1. **Should the parties wish to expedite the resolution of this matter, they may promptly file a joint notice of no objection.**

Recommended in Orlando, Florida, on March 22, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:
Presiding District Judge
Counsel of Record