UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**JIM YOUNGMAN and ROBERT ALLEN,**

        **Plaintiffs,**

v.                                                  Case No:  6:16-cv-1478-Orl-41GJK

**A&B INSURANCE AND FINANCIAL, INC.,**

        **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement ("Motion," Doc. 68). A hearing was held on the Motion, and for the reasons set forth below the Motion will be granted.

This Court has jurisdiction over the subject matter of the action and over all parties to the action, including all individuals and entities in the Settlement Class. The Court preliminarily approved the Second Amended Class Action Settlement Agreement and entered the Preliminary Approval Order (Doc. 67) dated April 17, 2018, and notice was given to all individuals and entities in the Settlement Class under the terms of the Preliminary Approval Order.

The Court has read and considered the papers filed in support of the Motion, including the Second Amended Class Action Settlement Agreement (Doc. 61-1) and the exhibits thereto, memoranda and arguments submitted on behalf of the Plaintiffs, Settlement Class Members, and A&B Insurance, and supporting declarations. The Court has not received any objections regarding the Second Amended Class Action Settlement Agreement. The Court held a hearing on August 30, 2018, at which time the parties were afforded the opportunity to be heard in support of or in

opposition to the Second Amended Class Action Settlement Agreement. Furthermore, the Court finds that notice under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, was effectuated on February 22, 2018, and that ninety days has passed without comment or objection from any governmental entity.

Based on documents filed with the Court and the presentations made to the Court at the hearing, the Court now gives final approval to the Settlement and finds that the Second Amended Class Action Settlement Agreement is fair, adequate, reasonable, and in the best interests of the Settlement Class Members. This finding is supported by, among other things, the complex legal and factual posture of the action, the fact that the Second Amended Class Action Settlement Agreement is the result of arms' length negotiations presided over by a neutral mediator, and the settlement benefits being made available to Settlement Class Members.

Under Federal Rule of Civil Procedure 23(c), the Court certifies, for settlement purposes only, the following class:

> All individuals and entities within the United States to whom, between August 18, 2012, and April 26, 2017, on the telephone numbers identified in the class list dated November 6, 2017, provided by KCC to the Parties, Defendant, through a third party call center, initiated either: (a) more than one telemarketing call within any twelve-month period to a telephone number registered on the Do Not Call Registry for at least 31 days; or (b) any telephone calls to a cellular telephone number using an automatic telephone dialing system or an artificial or prerecorded voice. Excluded from the Settlement Class are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned and any member of such judge's staff and immediate family.

Under Federal Rule of Civil Procedure 23, Plaintiffs are hereby appointed as Class Representatives and the following are hereby appointed as Class Counsel:

Edward Broderick
Anthony Paronich
BRODERICK & PARONICH, P.C.
99 High St., Suite 304
Boston, Massachusetts 02110

Matthew P. McCue
THE LAW OFFICE OF MATTHEW P. MCCUE
1 South Avenue, Suite 3
Natick, Massachusetts 01760

Timothy Howard
HOWARD & ASSOCIATES, P.A.
2120 Killarney Way #125
Tallahassee, Florida 32309

For settlement purposes only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members thereof is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) the claims of the Class Representatives are typical of the claims of the Settlement Class Members; (d) the Class Representatives will fairly and adequately protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over the questions affecting only individual Settlement Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy. The Court further finds, for purposes of settlement only, that: (a) Settlement Class Members have a limited interest in individually prosecuting the claims at issue; (b) the Court is satisfied with the Class Counsel's representation that they are unaware of any other litigation commenced regarding the claims at issue by individuals and entities in the Settlement Class; (c) it is desirable to concentrate the claims in this forum; and (d) it is unlikely that there will be difficulties encountered in administering this Settlement.

The Court has determined that the notice given to individuals and entities in the Settlement Class, in accordance with the Notice Plan in the Second Amended Class Action Settlement Agreement and the Preliminary Approval Order, fully and accurately informed individuals and entities in the Settlement Class of all material elements of the Settlement and constituted the best notice practicable under the circumstances and fully satisfied the requirements of due process and Federal Rule of Civil Procedure 23.

The Court finds that Defendant properly and timely notified the appropriate state and federal officials of the Second Amended Class Action Settlement Agreement under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715.

All individuals and entities who made timely and valid requests for exclusion are excluded from the Settlement, are not Settlement Class Members, and are not bound by this Final Approval Order and Judgment.

In accordance with the foregoing, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiffs' Unopposed Motion for Final Approval of Class Action Settlement (Doc. 68) is **GRANTED**.

2. The parties to the Second Amended Class Action Settlement Agreement are ordered to perform their obligations thereunder. The Second Amended Class Action Settlement Agreement shall be deemed incorporated herein as if explicitly set forth and shall have the full force of an order of this Court.

3. On and after the Effective Date, the Releasing Parties, and each of them, are forever barred and permanently enjoined from directly, indirectly, representatively, or in any other capacity filing, commencing, prosecuting, continuing, or litigating any other proceeding against any of the Released Parties in any jurisdiction based on or

relating in any way to the Released Claims, and the Releasing Parties, and each of them, are forever barred and permanently enjoined from filing, commencing, or prosecuting any lawsuit individually or as a class action against any of the Released Parties (including by seeking to amend a pending complaint to include class allegations or by seeking class certification in a pending action in any jurisdiction) based on or relating in any way to the Released Claims.

4. Upon the Effective Date, the above-described releases and the Second Amended Class Action Settlement Agreement will be binding on and have *res judicata* and preclusive effect in all pending and future lawsuits or other proceedings maintained by or on behalf of the Releasing Parties.

5. Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains jurisdiction over: (a) implementation and enforcement of the Second Amended Class Action Settlement Agreement until the final judgment contemplated hereby has become effective and each and every act agreed to be performed by the parties hereto pursuant to the Second Amended Class Action Settlement Agreement have been performed; (b) any other action necessary to conclude the Second Amended Class Action Settlement Agreement and to administer, effectuate, interpret and monitor compliance with the provisions of the Second Amended Class Action Settlement Agreement; and (c) all parties to this action and individuals and entities in the Settlement Class for the purpose of implementing and enforcing the Second Amended Class Action Settlement Agreement.

6. The final award of approximately $165.00 per class member and final class size of 14,782 is approved.

7. The appointment of Edward Broderick, Anthony Paronich, Matthew P. McCue, and Timothy Howardas Class Counsel is confirmed, and the payment of attorneys' fees to Class Counsel in the amount of $1,416,666.67 as well as their costs and expenses in the litigation of $32,758.50, for a total Fee and Expense Award to Class Counsel of $1,449,425.17 is approved. This amount shall be paid from the Settlement Fund in accordance with the terms of the Second Amended Class Action Settlement Agreement. The Court, having considered the materials submitted by Class Counsel in support of final approval of the Settlement and their request for attorneys' fees, costs, and expenses and in response to the filed objections thereto, finds the award of attorneys' fees, costs, and expenses appropriate and reasonable and the Court notes that the notices specifically and clearly advised the individuals and entities in the Settlement Class that Class Counsel would seek the award.

8. The incentive awards of $10,000 for each Class Representative is approved. Such amount is found to be reasonable considering the service performed by Plaintiffs for the Settlement Class Members. This amount shall be paid from the Settlement Fund in accordance with the terms of the Second Amended Class Action Settlement Agreement.

9. The appointment of Florida Bar Association and the Electronic Privacy Information Center as the *cy pres* recipients for any remaining funds in the Settlement Fund that cannot be economically distributed per the Second Amended Class Action Settlement Agreement is approved.

10. Neither this Final Approval Order and Judgment nor the Second Amended Class Action Settlement Agreement shall be construed or used as an admission or concession by or against either A&B Insurance or any of the Released Parties of any fault, omission, liability, wrongdoing, or the validity of any of the Released Claims. This Final Approval Order and Judgment is not a finding of the validity or invalidity of any claims in this Action or a determination of any wrongdoing by A&B Insurance or any of the Released Parties. The final approval of the Second Amended Class Action Settlement Agreement does not constitute any opinion, position, or determination of this Court, one way or the other, as to the merits of the claims and defenses of Plaintiffs, the Settlement Class Members, or A&B Insurance.

11. The action is **DISMISSED with prejudice** and without costs (except as otherwise provided herein and in the Second Amended Class Action Settlement Agreement).

12. The Clerk is directed to enter judgment accordingly and close this case.

**DONE** and **ORDERED** in Orlando, Florida on September 26, 2018.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record